**Helga OLIVER, State Insurance Fund, and Workers' Compensation Court, Respondents,**

v.

**LEWIS MANAGEMENT, and Argonaut Insurance Companies, Petitioners.**

**No. 62446.**

Court of Appeals of Oklahoma, Division No. 4.

April 2, 1985.

Rehearing Denied April 26, 1985.

Certiorari Denied June 11, 1985.

Released for Publication by Order of the Court of Appeals June 20, 1985.

E.W. Keller, Keller & Fernald, Oklahoma City, for petitioners.

Charles E. Payne, Russell, Payne & Farber, Oklahoma City, for respondent Helga Oliver.

John R. Schneider, Oklahoma City, for respondent State Ins. Fund.

BRIGHTMIRE, Presiding Judge.

The issues presented by the employer in this workers' compensation case are: (1) whether or not the trial court made sufficient specific findings concerning the ultimate operative facts; and (2) whether competent evidence undergirds the award.

We hold the findings are sufficient and the award is founded on competent evidence.

## I

Claimant Helga Oliver, a native of Germany, began working as a cook on the Fort Sill Army Base in Lawton, Oklahoma, in 1973. She suffered a compensable back injury in April 1978. Upon returning to work late in 1978 she slipped on a wet floor while carrying a case of eggs and hurt herself upon striking some steps. No claim was filed for this injury. In October 1982 she again slipped on a wet floor and fell. No claim was filed on this occasion either.

Then, on April 8, 1983, Oliver went to the base hospital because she "just started hurting really bad," which she thought was due to having lifted a 15-gallon pot from the stove down to the floor.

Finally, on the 17th of April, 1983, she was in the act of pulling a 15-gallon pot of red chili sauce out of the oven when she "slipped on either grease or water or something and ... fell backwards ... with the chili pot landing on top of [her] and [spilling] all the chili over [her]." Two girls helped her up and she continued to work until May 18 "when Mr. Smith, my manager, sent me home because I could hardly stand on my leg anymore." She returned to the base hospital.

Oliver filed a Form 3 on May 6, 1983, naming her employer, Lewis Management, respondent. In it she alleged that she sustained injury to her back on April 8 and 17, 1983. At trial the judge found claimant had sustained a compensable injury on April 17, 1983, and awarded temporary total disability and medical care as needed. The court also dismissed State Insurance Fund from the case because its coverage ended on March 31, 1983, and was replaced by a policy issued by Argonaut Insurance Companies effective April 1, 1983.

The employer and Argonaut appeal the trial court's order directly to this court.

## II

In support of its first contention—that the lack of a finding with reference to the effect of prior injuries on claimant's current condition is a reversible flaw in the order—the employer's insurance carrier argues that there is a "possibility of claimant's present condition being a recurrence of injuries existing prior to [her] 1983 accidents" and therefore the possibility exists that the award may be against the wrong insurance company, namely, Argonaut. More particularly, petitioners say that the order should have specified "whether this alleged April, 1983 injury was a recurrence of the old injuries, aggravation of the old injuries, or completely new and separate. Such a specific finding," they add, "is pertinent because the second insurance carrier's coverage did not commence until April 1, 1983."

Petitioners offer *J.C. Penney Co. v. Crumby*, 584 P.2d 1325 (Okla.1978), as supportive of their position. *Crumby*, however, involved construction of the physically impaired persons statute, 85 O.S.1981 § 172, which is applicable when an employee who is "physically impaired" receives an injury resulting in additional "permanent" disability. In the present case, the issue involved temporary total disability—not whether claimant's first injury left her a physically impaired person. The Special Indemnity Fund is not involved. A *Crumby* finding of pre-existing disability was not required.

■ Injury resulting from cumulative trauma is compensable as is an aggravation of a pre-existing condition or disease. *ITT Continental Baking Co. v. Ware*, 620

P.2d 1308, 1310 (Okla.1980). And when an injury aggravates a prior condition resulting in temporary total disability, the last employer is liable for the entire resulting disability. *See Special Indemnity Fund v. Wilson,* 348 P.2d 1072, 1074–75 (Okla.1959); *Sohio Petroleum Co. v. Cotton,* 272 P.2d 383, 385 (Okla.1954). In cases involving successive injuries, attribution of disability to a prior injury requires a determination that the second injury was a recurrence of the initial injury rather than the result of an independent and intervening cause. *Chromalloy-American, Oklahoma Division v. Wright,* 567 P.2d 71, 72–73 (Okla. 1977) (citing *Hall v. Howard Johnson of Oklahoma, Inc.,* 297 P.2d 560 (Okla.1956)). As the court put it, workers' compensation benefits are not limited to perfectly healthy workmen. *Fireman's Fund Insurance Company v. Standridge,* 467 P.2d 461, 464 (Okla.1970).

■ Here, the evidence will not support a finding Oliver's back injury was a recurrence of a pre-1983 injury. The testimony and medical records indicate that although Oliver had previously injured her back and it had bothered her since 1978, she had returned to work and continued to perform her duties until May 18, 1983. At that time the cook was forced to lay down her ladle due to the aggravative effects of the chili pot fall on April 17.

True she had been seen by doctors at the medical hospital in Fort Sill about once a month following the 1978 incident but she was not disabled. She worked regularly, albeit with some back pain, until the April mishap put her "out of commission," as she put it.

We conclude the trial judge made the essential findings and they are sufficient for judicial review.

### III

■ Petitioner's second assignment of error—that the award lacks evidentiary support—is also without merit. The medical evidence confirmed disability secondary to the April fall. One physician, after considering Oliver's accident history, unequivocally stated that "[a]s a result of the injuries of April 8, 1983 and April 18, 1983 Ms. Oliver is temporarily totally disabled pending completion of treatment."

This was competent evidence of temporary total disability resulting from Oliver's April 1983 stumbles.

Award sustained.

RAPP and STUBBLEFIELD, JJ., concur.