**Ben SMITH, Petitioner,**

v.

**PERFECTION HY–TEST and the Workers' Compensation Court, Respondents.**

**No. 76334.**

Court of Appeals of Oklahoma, Division No. 1.

June 25, 1991.

John Sprowls, Pauls Valley, for petitioner.

Steve A. Weeks, Bower, Beavin & Weeks, Oklahoma City, for respondents.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

The trial court found Claimant Ben Smith did not sustain an accidental injury or occupational disease to his lungs or respiratory system arising out of and in the course of his employment with Employer Perfection Hy–Test as alleged in Smith's claim for compensation. Claimant appealed that decision to a three-judge panel, and the trial court was affirmed. Claimant asks this court to set aside the trial court decision, arguing it is not supported by any competent evidence.

Claimant argues the record contains no evidence controverting his testimony and that of his physicians establishing a causal connection between his respiratory problems and the welding fumes, grinding particles, and cleaning solvents in the work environment. He correctly notes Employer's medical expert, although finding no current disability or objective indication of work-related respiratory trouble, expressly declined to express an opinion on whether an incident of "acute febrile illness" reported by Claimant was related to his work environment.

However, Claimant's experts based their opinion of the cause of his problems totally on the history given by Claimant of his problems and their relation to his work environment. The credibility of their expert opinions as to cause was only as good as Claimant's own credibility. This record contains evidence impeaching that credibility. Employer demonstrated Claimant misrepresented his previous disabilities on his employment application, and the smoking history in one of Claimant's own medical reports contradicted his testimony. Employer's medical report offered another version of this history, and all of these were based upon Claimant's own statements to the physicians.

Claimant had the burden of proving he suffered an injury arising out of and in the course of his employment. *Armco, Inc. v. Holcomb*, 694 P.2d 937 (Okla.1985). If his testimony lacked credibility, Claimant failed to prove his case and must lose. The Workers' Compensation Court may refuse to credit any evidence which in its opinion in not entitled to belief. *Bittman v.*

*Boardman Co.,* 560 P.2d 967 (Okla.1977). The decision of the trial court is supported by competent evidence and must be sustained. *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okla.1984).

SUSTAINED.

BAILEY and JONES, JJ., concur.