Tom A. MITCHELL, Petitioner,

v.

IDEAL CEMENT, State Insurance Fund and the Workers' Compensation Court, Respondents.

No. 72859.

Supreme Court of Oklahoma.

June 25, 1991.

Richard A. Bell, Norman, for petitioner.

Harry L. Bickford, Bickford, Pasley and Farabough, Ardmore, for respondent Ideal Cement.

David Custar, Oklahoma City, for respondent State Ins. Fund.

LAVENDER, Justice:

Petitioner, Tom A. Mitchell (Mitchell) filed a claim against respondents, Ideal Cement and its insurance carrier, the State Insurance Fund (hereafter collectively Ideal) for work-related injury to his lungs and upper respiratory system purportedly caused by 13 years continuous exposure to various forms of dust and fumes in the

workplace. At trial Mitchell introduced the deposition, with attached medical report, of Dr. G.C., who opined Mitchell has an impairment of 25% to the body as a whole secondary to a class 2 respiratory impairment and damage to his lungs as a result of his employment with Ideal. In his deposition he indicated Mitchell suffered from emphysema and bronchitis. In addition to other defenses not pertinent here Ideal alleged both that Mitchell suffered from no impairment and, in any event, no injury was caused by the workplace environment. The former defense was presented by the medical report of Dr. J.A.; the latter primarily through testimony of an industrial hygienist, lay witnesses employed at the plant and safety studies at Ideal's plant and other cement plants. Over various objections the trial court admitted both parties' medical evidence *and* Ideal's evidence concerning causation. In his order the trial court ruled in pertinent part, "[ ] claimant has failed to establish on the weight of the evidence that he sustained occupational disease (personal injury) arising out of and in the course of employment".

The Court of Appeals, in a 2–1 decision, reversed and remanded to the trial court for entry of an award of 25% permanent partial disability on the basis the only medical evidence having probative value was that of Dr. G.C. It determined the report of Dr. J.A. had no probative value. The Court of Appeals did not directly reach any issue concerning causation or consider the non-medical evidence on this subject, even though review of the record below reveals it was a primary issue and determined adversely to Mitchell by the trial court.

■ In our view, even if one were to exclude consideration of the report of Dr. J.A., as the Court of Appeals did, the trial court's decision must be affirmed because the other evidence presented by Ideal on causation is more than sufficient to support the decision of the trial court that Mitchell suffered from no injury caused by the work environment.[1] As to the causation issue there can be no question on this

---

1. In light of our disposition we need not determine whether the Court of Appeals was correct

in ruling the report of Dr.J.A. was lacking in probative value. We note the report, which

record the decision of the trial court is supported by competent evidence. Only in the absence of competent evidence may a trial court's decision be viewed as erroneous and subject to reversal. *Parks v. Norman Municipal Hospital*, 684 P.2d 548, 552 (Okla.1984).

Recently, we determined an employer *does not* have to present medical evidence to refute causation. *Collins v. Halliburton*, 804 P.2d 440 (Okla.1990).[2] *Collins* also involved a claim of lung and upper respiratory disease purportedly caused by the workplace environment. In *Collins* we upheld a decision of the trial court denying benefits, which was based on testimony of an industrial hygienist who offered an expert opinion that the facility involved was safe for workers and medical records that the claimant there had been an asthmatic for many years. We find *Collins* controlling here.

Ideal's evidence as to causation included testimony of an industrial hygienist, who conducted air quality tests at Ideal, that generally the various types of dust and fumes at the facility and their levels would not cause harmful effects to the workers there. He also testified the consistent wearing of a protective mask would reduce the level of dust to a negligible amount. Other evidence was presented concerning making the wearing of masks mandatory in certain areas in the mid–70s. Testimony was also presented from petitioner himself concerning his mask-wearing history which generally showed he consistently wore his mask in high dust areas of the plant. There was also evidence that Mitchell smoked a half a pack of cigarettes a day for 15 or 20 years and that he still smoked at the time of trial, although he testified not as much.

■ In workers' compensation cases it is not our responsibility to weigh conflicting proof, but to review the record to determine whether a trial court's decision is supported by competent evidence. *Parks v. Norman Municipal Hospital, supra,* at 552. Although the evidence is not one-sided on the causation issue, the record does contain competent evidence supporting the decision of the trial court. In such a situation there is no basis for reversing the decision of the trial court.

Accordingly, the decision of the Court of Appeals is VACATED and the order of the Workers' Compensation Court is SUSTAINED.

OPALA, C.J., and SIMMS, DOOLIN and HARGRAVE, JJ., concur.

KAUGER, J., concurs in part; dissents in part.

ALMA WILSON and SUMMERS, JJ., dissent.

---

gave an opinion of 0% impairment to his lungs and upper airways as a result of employment with Ideal inherently espoused a view on causation by virtue of the 0% rating. However, even if we assume it was error to consider the report for any purpose this would not require reversal of the trial court decision. We have ruled where other competent evidence is properly before the trial court sufficient to sustain the decision it need not be vacated. *Richardson v. M. & D. Freight Lines,* 322 P.2d 192, 196 (Okla.1957). In essence, the report was merely cumulative on the causation issue and its consideration by the

trial court, if error at all, was harmless in our view because we are convinced from review of the whole record the same decision would have been reached by virtue of other competent evidence pertaining to the issue of causation.

2. The Court of Appeals did not have the benefit of our decision in *Collins v. Halliburton*, 804 P.2d 440 (Okla.1990), as our decision there was reached after the decision of the Court of Appeals.