Brenda TREAT, Petitioner,

v.

McDONALD'S and the Workers' Compensation Court, Respondents,

Lumbermens Casualty Insurance, Insurance Carrier.

No. 80827.

Court of Appeals of Oklahoma, Division No. 1.

May 11, 1993.

Fred L. Boettcher, Ponca City, for petitioner.

Wilson Thomas White, Tulsa, for respondents.

## MEMORANDUM OPINION

JONES, Judge.

Claimant, Brenda Treat, brings this petition for review from an order of the Workers' Compensation Court denying benefits. On July 14, 1992, Claimant filed a Form 3, alleging injuries to the neck and shoulder, when an Igloo cooler fell on her head. As a result, she claims she experienced severe headaches. She claimed the accident occurred on June 13, 1992, approximately four weeks after she was hired by Respondent. Prior to being hired by Respondent, Claimant had been unemployed for eight years.

■ Claimant contends the trial court erred in its determination that she was not a credible witness. She contends the Court's application of *Bittman v. Boardman,* 560 P.2d 967 (Okl.1977) was misplaced. She apparently believes *Bittman* operates to limit the Court's determination of credibility to inconsistent statements of a witness. *Bittman* did not define a standard for determining the credibility of a witness, but held only that it could refuse to give credence to any portion of the evidence which it was convinced was not entitled to credence. *Bittman* at 969. The Court cited *Hattabaugh v. B.H. & W. Mining Co.,* 204 Okl. 464, 230 P.2d 923 (1951), which held a Court is not obliged to accept a witness' inconsistent testimony as true merely because there is no direct testimony contradicting it. *Id.* at 969. In the same manner, a Court is not obliged to find a witness' testimony credible simply because the witness is consistent. The Court may look at the conflicting testimony of other witnesses as well. To hold otherwise would create the absurd result that a well rehearsed witness should always be found credible.

■ According to her own testimony, Claimant had a ten year history of seizure disorders and headaches. A historical medical report prepared by neurologist, Dr. B.H., verifies the pre-existing illness and also shows Claimant has a family history of aneurysm. Because she was having headaches in 1991, Dr. B.H. recommended a CT scan. Claimant was also hospitalized for cerebral angiography. Claimant sought treatment for her headaches as recently as one week before she started working for Respondent.

Claimant testified that after the accident, she continued to work for nine days. She claims to have reported the accident two days later to her Manager. However, Restaurant Manager, Shelley Downs, stated Claimant never informed her of the accident. Only after hearing about it "through the grapevine" nine days later, did she approach Claimant to fill out a Form 2. Ms. Downs further testified that even though Claimant was released to return to work by Dr. R.H., she never returned to work.

Claimant, upon direct examination, appeared to be confused about whether the uniform closet containing the Igloo was locked or unlocked, but after being reminded by her attorney that it was locked, she stated that she obtained a key from a hook "above the warmer" to open the closet. Ms. Downs, on the other hand, stated the uniform closet was always locked; that Claimant could not have obtained a key to the closet because the key was kept in a safe, and the Manager was the only person who had access to the safe; and further, that the key on the hook was the key to the stock room and not to the uniform closet.

Respondent's medical expert, Dr. J.H., prepared his report in accordance with the *AMA Guides, Third Edition.* He stated

Claimant was not injured in the course of her employment; she was not temporarily totally disabled; and that, in his opinion, she was malingering.

After hearing all this evidence, the trial court determined Claimant was not a credible witness. Because a trial court observes the demeanor of the witnesses, it functions as the sole arbitrator of the credibility of the witnesses and the weight to be given to their testimony. See *Pearl v. Associated Milk Producers*, 581 P.2d 894 (Okl.1978). The trial court may therefore refuse to credit any evidence, including the consistent testimony of a witness, which in its opinion, is not entitled to belief. See *Smith v. Perfection Hy-Test*, 812 P.2d 1381 (Okl.1991). Because this Court reviews only a cold record, we will not second guess the decision of the trial court and will not reverse unless the judgment is not supported by competent evidence. *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okl.1984).

The testimony and evidence at trial is competent to sustain a finding that Claimant was not a credible witness, and that she did not suffer an accidental injury arising out of and in the course of her employment.

SUSTAINED.

ADAMS, P.J., and GARRETT, J., concur.