DOLESE, Petitioner,

v.

James P. JAMES, and the Workers' Compensation Court, Respondents.

No. 83836.

Court of Appeals of Oklahoma, Division No. 3.

Jan. 31, 1995.

Rehearing Denied and Publication Ordered March 14, 1995.

Vicki Robertson, Holloway, Dobson, Hudson, Bachman, Alden, Jennings, Robertson & Holloway, Oklahoma City, for petitioner.

Esther M. Sanders and K. Wayne Lee, Lawter & Pitts, Oklahoma City, for respondent.

## MEMORANDUM OPINION

ADAMS, Judge:

A Workers' Compensation Court trial judge found Claimant James P. James suffered a cumulative trauma injury to his "BACK (WITH RADICULOPATHY IN THE RIGHT LEG) arising out of and in the course of [his] employment" with Dolese (Employer).[1] The order also found Claimant had temporary total disability as a result of the injury and awarded appropriate benefits.

---

1. The order awarded benefits for a back injury with radiculopathy to the right leg. The order also reserved the issue of injury to the right leg for a future hearing. All the medical evidence presented addressed left leg problems, not right leg problems. However, in light of our determination the award must be vacated for other reasons, the effect of this apparent error will not be addressed.

On *en banc* appeal, a three-judge panel modified a portion of the trial court order not relevant to the issues in this proceeding but otherwise affirmed. In this review proceeding, Employer argues there was no competent medical evidence linking Claimant's disability to a work-related injury. We agree.

 Claimant was employed as a cement truck driver. This job caused him to be jostled and bounced as he drove the truck and also required him to lift a "chute" and occasionally use a jackhammer to remove cement from the inside of the mixer. According to the uncontroverted medical evidence, Claimant has at least one herniated disc in his lower back and pain radiating into his left leg because of this herniation.

Prior to June 27, 1993, Claimant had experienced intermittent back problems which required medical attention but, at least according to the evidence in this record, produced no impairment. According to Claimant's testimony, he was removing screws from a waterbed frame at home when he experienced tightness in his back. Claimant did not work the following day. When he returned to work, he left after four hours because of left leg pain which all the medical evidence attributes to a herniated disc. Although the evidence is disputed concerning how soon after the incident at home Claimant began experiencing the leg pain, it is undisputed that such pain first occurred after that incident.

According to Claimant's medical evidence, cumulative trauma at work caused Claimant to suffer from degenerative disc disease and predisposed him to a disk herniation. However, none of the medical evidence attributed any of his impairment to the degenerative disc disease. His impairment is caused by disk herniation. When questioned at deposition, neither of his medical experts knew when the disc herniation occurred, only that he was predisposed to herniation. The closest any of the doctors came to attributing the herniation to an on the job incident was one statement that the herniation "could have" been present prior to the incident at home and caused by work-related trauma. The only causal link to employment in Claimant's medical evidence is to his underlying and previously non-disabling degenerative disc condition, not the disc herniation which disabled him.

 It is disability, not injury, which is the basis of our system of compensation. *Cf. Green v. Webbcraft Co.,* 786 P.2d 87, 89 (Okla.App.1989). A claimant has the burden to show, by competent medical evidence, that a causal nexus exists between disability and employment. *Armco, Inc. v. Holcomb,* 694 P.2d 937 (Okla.1985). For an at-home event to be the basis of benefits and remain in the causal chain of events, Claimant needed to show that he had a pre-existing employment-related impairment and that the incident off work was only an exacerbation of that impairment. *See Oliver v. Lewis Management,* 701 P.2d 778 (Okla.App.1985). Claimant did not sustain this burden.

 If the facts were reversed, *i.e.,* an at-home activity predisposed Claimant to injury but the event causing his disability occurred on the job, it would hardly be argued that because the condition which made him susceptible to injury was due to personal activities that no employment-related injury and disability had occurred. Just as the employer takes the worker as is, the employee must accept that every disabling event is not job-related merely because some stress to the system during employment made the employee susceptible to injury. The disabling injury must both arise out of *and* be in the course of employment for benefits to be payable.

The record contains no competent evidence that Claimant's impairment or disability results from an injury arising out of and in the course of his employment. The order under review is vacated.

VACATED.

GARRETT, C.J., and HUNTER, J., concur.