**Michael FREW, Petitioner,**

v.

**McDONNELL DOUGLAS, INDUSTRIAL INDEMNITY CO., and the Workers' Compensation Court, Respondents.**

No. 87008.

Court of Appeals of Oklahoma, Division No. 1.

Sept. 3, 1996.

Rehearing Denied Oct. 29, 1996.

Certiorari Denied Jan. 15, 1997.

J.L. Franks, Kathryn Burgy, Frasier, Frasier & Hickman, Tulsa, for Petitioner.

Kevin D. Berry, Catherine C. Taylor, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, for Respondents McDonnell Douglas and Industrial Indemnity Co.

## OPINION

BUETTNER, Judge:

Employee, Michael Frew (Frew), appeals directly from the Workers' Compensation Trial Court's order which found that Frew did not sustain an accidental personal injury arising out of and in the course of his employment with McDonnell Douglas. Based on that finding of fact, the trial court denied his claim for compensation.

Frew testified that he worked for McDonnell Douglas for fifteen years as a worker who hand formed parts. He developed problems with his hands and elbows beginning in the late 1980's or early 1990's. Frew stated that he took over-the-counter ibuprofen or aspirin to relieve the pain about four or five times a week, as needed. Although at the time of trial Frew worked for a small fabrication shop where he ran a punch press, saw and worked the sheer, he claimed that the injuries incurred during his tenure with McDonnell Douglas caused him loss of hand strength and lifting power. Frew did not lose any time from work due to his injuries and never reported his alleged injuries to management. In 1983, Frew had an on-the-job injury in which he cut his thumb off at the first joint. That workers' compensation claim was settled by a joint petition. Because that injury was not presented to the medical experts for a "Crumby" finding, the parties agreed to apportion out 5% of the claimed impairment.

Frew's medical expert formed the opinion that Frew injured both elbows and both wrists in a cumulative trauma type manner while working for McDonnell Douglas. He rated Frew's permanent disability as a result of the chronic work-related elbow and wrist problems at 15% permanent partial impairment of the right upper extremity and 15% permanent partial impairment of the left upper extremity secondary to lateral epicondylitis, stiffness and loss of strength in both elbows; 25% permanent partial impairment of the right hand and 25% permanent partial impairment of the left hand due to crepitance and pain in both wrists as well as mild carpal tunnel syndrome bilaterally with associated tingling and loss of grip strength and fine motor skills in both hands. This doctor also rated the umbilical hernia at 5% permanent partial impairment. Except for the existence of the hernia, the doctor's report is based upon what he was told by Frew.

■ The doctor retained by McDonnell Douglas examined Frew. Based on what he was told by Frew, he found Frew's complaints were work related. He further found that, regardless of cause, Frew had a 3% permanent partial impairment to his abdomen related to the hernia and 0% permanent partial impairment to Frew's hands, wrists, elbows, arms and shoulders.[1]

The trial court made the following finding: THAT claimant did not sustain an accidental personal injury arising out of and in the course of claimant's employment with the above named respondent, as alleged in the claim for compensation filed herein.

■ To be compensable, claimant's disabling injury must both arise out of and be in the course of employment. *Thomas v. Keith Hensel Optical Labs,* 653 P.2d 201, 203 (Okla. 1982). Oklahoma law defines injury as follows:

a. "Injury" or "personal injury" means only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally result therefrom.... Provided, only injuries having as their source a risk not purely personal but one that is reasonably connected with the conditions of employment shall be deemed to arise out of the employment.

85 O.S.1994 Supp. § 3(7).

■ Whether an injury arises out of and in the course of claimant's employment is an issue of fact for the trial court, whose finding is binding on appellate courts if supported by competent evidence. *Protein Technologies International/Ralston Purina v. Hammock,* 876 P.2d 728, 730 (Okla.App.1994), *cert. denied.* The claimant bears the burden of

---

1. "It is disability, not injury, which is the basis of our system of compensation." *Dolese v. James,* 894 P.2d 442, 443 (Okla.App.1995).

proof on this issue. *Platner v. Bill Moore Chevrolet*, 400 P.2d 148, 150 (Okla.1965); *Dolese v. James*, 894 P.2d 442, 443 (Okla. App.1995) (Claimant has burden to show by competent medical evidence that causal nexus exists between disability and employment).

A similar finding was at issue in *Pearl v. Associated Milk Producers, Inc.*, 581 P.2d 894 (Okla.1978). In affirming the trial court's finding, the Supreme Court stated:

> Where the issue concerns accidental injury the trial court must weigh the evidence and pass upon credibility of witnesses. The court may refuse credence to any part of evidence deemed unworthy of belief, is not compelled to accord credence to the greater amount of evidence as against the lesser, and is not confined to consideration of proof elicited by claimant, but may consider the record in totality. [citation omitted.] State Industrial Court is the sole arbiter of credibility of witness (sic) and weight given their testimony.

*Id.* at 896. Also see *Bittman v. The Boardman Co.*, 560 P.2d 967, 969 (Okla.1977) ("State Industrial Court may refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence.")

 In this case, Claimant filed his claims shortly before being laid off by McDonnell Douglas. He claimed to have had problems with his hands, wrists, arms, and shoulders since the late 1980's, before he started work with McDonnell Douglas. He never mentioned his complaints to his supervisors. He gave inconsistent statements as to who and when he sought treatment for his problems. His complaints (other than the hernia) were not supported by objective tests. While stating that Frew's complaints were work-related, McDonnell Douglas' doctor found 0% impairment to Frew's hands, wrists, elbows, arms and shoulders, and that "his musculo-

skeletal examination and findings are typical of a man of his age." [2]

With respect to the hernia, Frew's doctor testified that a hernia could be caused by either a traumatic event or lifting over a period of time. The only history relating to the hernia was related by Frew.[3]

Based upon this record, the trial court could base its finding on the failure of Frew to meet his burden of proof. The trial court's order is SUSTAINED.

JOPLIN, J., concurs.

HANSEN, P.J., concurs in result.

---

**2.** In *Blation v. U.S. Pioneer*, 854 P.2d 395 (Okla. App.1993), this court upheld a similar order, although the employer's doctor stated that the "injury, by history, appears work-related." The doctor's opinion must be based upon the history related by the claimant. The trial court determines the weight to be given the doctor's opinion after considering all the evidence.

**3.** See *Smith v. Perfection Hy–Test*, 812 P.2d 1381, 1382 (Okla.App.1991) (Credibility of expert opinions as to cause was only as good as claimant's credibility.)