Lucy CARNEY, Petitioner,

v.

TCI CABLEVISION OF TULSA, Old Republic Insurance, and the Workers' Compensation Court, Respondents.

No. 88358.

Court of Civil Appeals of Oklahoma, Division No. 3.

May 30, 1997.

J.L. Franks, Kathryn Burgy, Tulsa, for Petitioner.

Michael W. McGivern, Kelley M. Greenough, Tulsa, for Respondents.

## MEMORANDUM OPINION

CARL B. JONES, Presiding Judge.

¶1 The Claimant, Lucy Carney, brings this review proceeding from an order of the Workers' Compensation Court's three judges panel which found the order of the Trial Judge was not against the clear weight of the evidence nor contrary to the law and consequently affirmed the Order of the Trial Judge. The Trial Judge had held that Claimant did not sustain an accidental injury arising out of and in the course of her employment. Additionally, the order found that the medical evidence did not support a finding of cumulative trauma and the claim for compensation was denied.

¶2 Claimant worked for Respondent for approximately five years, beginning in April of 1988. The duties of her employment as a customer service person with Respondent re-

**764**

quired her to sit in front of a computer and constantly turn her head from the computer, at which she entered data, to the customers she was attending. She was also required to pass out cable connectors and deliver them to customers at the window where they waited. These duties occupied an eight hour day with the exception of a morning and afternoon break and an hour off for lunch.

¶ 3 As succinctly summarized by the claimant, the medical evidence offered at trial is set forth here. In support of her claim, Claimant offered the deposition of Dr. T, who found the claimant to be thirty-two percent permanent partially disabled to the neck as a result of cumulative trauma injury sustained while employed by Respondent. In support of the respondent's case, Respondent offered the narrative medical report of Dr. F, who found that it was possible that claimant's neck was injured as a result of the repetitive motion of operating her computer, but that it was unlikely. He also found that Claimant experienced a fifteen percent permanent partial impairment to the body as a whole due to the neck injury, independent of the causation issue.

¶ 4 The claimant states that nowhere in the evidence of Dr. F is there an indication of what caused the injury, nor does he say that claimant's injury is not related to her work activities. The argument concludes the only evidence of causation left, then, is Dr. T's, which establishes a work relation.

¶ 5 Claimant cites *Williams v. Vickers, Inc.,* 799 P.2d 621 (Okla.1990) for the proposition that orders denying or awarding Workers' Compensation benefits must be supported by competent evidence, that is evidence which is probative of the ultimate facts upon which the order rests. Then Claimant states that it is not sufficient for a respondent to offer evidence which merely stands for the proposition that Claimant's injury is possibly, but unlikely, to be related to her work activity, specially since Respondent did not identify other causes or contributing factors of the injury. The citation to *Williams* is correct, but the conclusion Claimant makes from it is not. Claimant appears to contend that the employer was required to present

competent medical evidence to prove that Claimant did not suffer an accidental injury which arose out of and in the course of his employment, and the failure to do so causes the court's order to be invalid for lack of supportive competent evidence. There is no such rule. The statute requires competent medical evidence to prove a claim, but not to disprove the existence of a compensable accidental injury. *Mitchell v. Ideal Cement,* 813 P.2d 1044, 1046 (Okla.1991), *Collins v. Halliburton Services,* 804 P.2d 440 (Okla.1990).

¶ 6 Although Claimant testified at trial that she told her supervisor that a problem with her neck had been detected, in her earlier deposition claimant testified that she never told the respondent that her neck problems were work related. The trial testimony of this supervisor confirms the claimant's deposition testimony that no notice of injury was ever given. Furthermore, Claimant submitted the neck surgery related medical bills to her health insurance carrier, which is inconsistent with a work related injury, or the assertion that she informed her supervisor. This is so specially because the claimant had a carpal tunnel syndrome claim pending at the same time. The Court may refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, *Bittman v. The Boardman* Co., 560 P.2d 967, 969 (Okla.1977). These inconsistencies, which could have weighed on the tribunal's mind in deciding credibility, coupled with the medical report which denies the probability of the injury being work related, amount to competent evidence supporting decision that the injury was not work related, and the decision of the three judges panel is therefore sustained.

SUSTAINED.

ADAMS, C.J., and GARRETT, J., concur.