1998 OK CIV APP 192

**Kiyonna R. EALOM, Petitioner,**

v.

**LABOR READY TEMPORARY SERVICES, Legion Insurance Company, and the Workers' Compensation Court, Respondents.**

**No. 91,160.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 28, 1998.

Certiorari Denied Dec. 2, 1998.

Rex D. Brooks, Oklahoma City, for Petitioner.

Steve A. Weeks, Oklahoma City, for Respondents.

## OPINION

GARRETT, Judge.

¶1 Petitioner, Kiyonna Ealom (Claimant), filed her Form 3 in the Workers' Compensation Court, alleging she sustained an accidental injury arising out of and in the course of her employment with Respondent, Labor Ready Temporary Services (Employer), on July 19, 1997. She alleged she lost her balance and injured her back, right side and body as a whole while locking customers in a roller coaster. Employer is a temporary employment personnel company. It placed Claimant in a position at Frontier City. The trial court entered an order that Claimant sustained an accidental injury on July 19, 1997, to her right little finger and her back. The court denied Claimant's request for temporary total disability (TTD), and ordered that Claimant sustained zero percent permanent partial disability (PPD) to the right little finger and zero percent PPD to the body as a whole due to injury to her back. The court's order also provides:

> That a connection must be shown between the encountered causative risk that resulted in the workers' harm and the

condition of her employment, *Corbett v. Express Personnel*, 1997 OK 40, 936 P.2d 932. Claimant had a weakened knee as a result of a pre-existing condition. Her job required her to bend to assist customers in the "Wildcat". It was this job requirement which caused her work related injury.

¶ 2 Claimant filed an appeal with the Workers' Compensation Court *En Banc*. The three judge panel entered an order that the trial court's order was not against the clear weight of the evidence or contrary to law, and affirmed. This review proceeding followed.

¶ 3 Claimant contends there was no competent evidence to support the trial court's denial of either TTD or PPD. First, she contends she should have been awarded TTD for July 19, 1997 to August 28, 1997, because she was released to light duty work for that period of time. She was released to work without restrictions on August 28, 1997. She contends there was no evidence that Employer had light duty work available or that it was offered to Claimant.[1] Employer responds that there is nothing in the record showing that Claimant stated she was not aware of light duty work being available, and, in fact, that her actions indicated she had actual knowledge of light duty work being available.

¶ 4 It is unnecessary to decide that issue on the merits. In her appeal to the Workers' Compensation Court *En Banc*, Claimant did not specifically raise any issue regarding availability of, or offers by Employer to do, light duty work. If an alleged error was not raised before the Court *En Banc*, it is not preserved for consideration in a review proceeding in this Court. *Bostick Tank Truck Service v. Nix*, 1988 OK 128, 764 P.2d 1344. See also Workers' Compensation Court Rule 31. Moreover, Employer produced evidence, without objection, in the form of written medical opinion from its med-

ical expert, Dr. P., that Claimant sustained no TTD. This proposition is rejected.

¶ 5 Next, Claimant contends there was no competent evidence to support a denial of PPD. She contends Dr. P.'s conclusion in his medical report, which contains his opinion that Claimant did not sustain any PPD, was inconsistent with his description in that report of her physical examination, in which he described the tenderness in her back. She contends the report was inconsistent and contradictory and must have been disregarded. She also contends there was no testimony consistent with the doctor's conclusion that she was not permanently partially disabled. She states in her brief, "there is absolutely no testimony by the Claimant that she had made a complete recovery from her back injury."

¶ 6 Claimant's arguments are rejected for several reasons. First, Employer is not under a duty to produce evidence that Claimant is *not* PPD; the Claimant has the burden of proof to prove that she has sustained disability. *Collins v. Halliburton Services*, 1990 OK 118, 804 P.2d 440. Next, it is possible to have an injury which is not compensable under the Workers' Compensation Act. "It is disability, not injury, which is the basis of our system of compensation." See *Frew v. McDonnell Douglas, Industrial Indemnity Co.*, 1996 OK CIV APP 108, 932 P.2d 35, 37, n. 1 (Cert. Denied 1997), citing *Dolese v. James*, 1995 OK CIV APP 21, 894 P.2d 442. Additionally, Claimant, in effect, asks this Court to weigh the evidence in her argument that Dr. P.'s report alone was not sufficient to deny compensation. This Court's standard of review is the "any competent evidence" rule. Findings of fact made by the trial court are binding and conclusive in review proceedings before this Court, unless they lack support in competent evidence. *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548. We may not weigh the evidence. Finally, Claimant made no objec-

---

1. See *Hinton v. Labor Source*, 1998 OK CIV APP 2, 953 P.2d 358, wherein this Court held Employer was required to inform Claimant of availability of light duty work in order to defend against responsibility for paying temporary total disability.

tion to the report at the time it was offered in evidence. Any objection was waived, and the issue is not properly preserved for review. Workers' Compensation Court Rule 23(D);[2] *Whitener v. South Central Solid Waste Authority,* 1989 OK 62, 773 P.2d 1248. *Lacy v. Schlumberger Well Service,* 1992 OK 54, 839 P.2d 157. We see no error as alleged.

¶ 7 **ORDER SUSTAINED.**

JOPLIN, P.J., and CARL B. JONES, V.C.J., concur.

2. Rule 23(D):
    D. Unless an objection is timely made, it shall be waived. Any legally inadmissible evidence that stands admitted without objection shall be regarded as admitted as part of the proof in the case.