1999 OK CIV APP 22

**Ralph RIVERA, Petitioner,**

v.

**WAL–MART STORES, INC., National Union Fire Insurance Co., and The Workers' Compensation Court, Respondents**

**No. 91,353.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 2, 1998.

Rehearing Denied Oct. 30, 1998.

Certiorari Denied Feb. 2, 1999.

Brandon J. Burton, Oklahoma City, Oklahoma, For Petitioner.

Vincent O. Chadick, Fayetteville, Arkansas, For Respondents.

**OPINION**

CARL B. JONES, Vice Chief Judge:

¶ 1 Claimant seeks review of a panel-approved Workers' Compensation Court order which found Claimant to not be a credible witness and that he did not sustain an accidental personal injury arising out of and in the course of his employment.

¶ 2 Claimant was employed as a greeter for Wal–Mart where he had worked for ten months. One of his duties was to move shopping carts around. Claimant alleges that on July 11, 1997, while pushing a shopping cart, he felt a painful pop in his left hand. It is also alleged that July 11, 1997

was his date of last exposure for a cululative trauma injury to his left arm. Claimant variously describes his injury as to his hand, wrist, arm and/or elbow. Claimant was off work for one week.

¶3 It has long been the law that the Workers' Compensation Court may refuse to give credence to any portion of the evidence, which in its opinion is not entitled to credence. *Bittman v. Boardman Co.*, 1977 OK 32, 560 P.2d 967, 969; *Treat v. McDonald's*, 1993 OK CIV APP 89, 854 P.2d 393; *Carney v. TCI Cable Vision of Tulsa*, 1997 OK CIV APP 36, 942 P.2d 763, 764.

> "After hearing all this evidence, the trial court determined Claimant was not a credible witness. Because a trial court observes the demeanor of the witnesses, it functions as the sole arbitrator of the credibility of the witnesses and the weight to be given their testimony. See *Pearl v. Associated Milk Producers*, 581 P.2d 894 (Okl.1978). The trial court may therefore refuse to credit any evidence, including the consistent testimony of a witness, which in its opinion, is not entitled to belief. See *Smith v. Perfection Hy-Test*, 812 P.2d 1381 (Okl.[App.]1991). Because this court reviews only a cold record, we will not second guess the decision of the trial court and will not reverse unless the judgment is not supported by competent evidence. *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okl.1984)."

*Treat*, supra at 395.

¶4 The trial court did not believe Claimant that he sustained a compensable injury in the course and scope of his employment. As we explained in *Treat* above, this Court will not second guess the decision of the trial court as to the credibility of the Claimant. We have reviewed the record and find no reason that the decision should be overturned.

¶5 SUSTAINED.

JOPLIN, P.J., and GARRETT, J., concur.