1998 OK 109

**Glenna Sue HADLEY, Petitioner,**

v.

**UNITED PARCEL SERVICE, Liberty Mutual Insurance, and The Workers' Compensation Court, Respondents.**

**No. 90,130.**

Supreme Court of Oklahoma.

Oct. 27, 1998.

Rehearing Denied Feb. 18, 1999.

Craig Dawkins, Oklahoma City, Oklahoma, for Petitioner.

Ronald E. Hignight, Robert P. Fitz–Patrick, McGivern, Gilliard & Curthoys, Tulsa, Oklahoma, for Respondents.

WATT, Justice.

¶1 Respondent, United Parcel Service, seeks certiorari because of an opinion of the Court of Civil Appeals, Division 4, which reversed an order of the Workers' Compensation Court, Honorable Jim D. Filosa, trial judge. The Workers' Compensation Court held that petitioner, Glenna Sue Hadley, had failed to establish she had sustained an accidental injury to her low back while she was employed by UPS.

## FACTS

¶2 Hadley was hired as a part time employee by UPS at its Bartlesville center in June 1995. At first Hadley worked unloading trailers but later worked moving packages to a conveyer belt. UPS concedes, and the Workers' Compensation Court held, that Hadley sustained an accidental injury to her right shoulder on February 14, 1996, and sustained another injury on September 12, 1996 that aggravated the shoulder injury. Hadley did not report her February 14 injury to her shoulder to her supervisors until June 1996 and at the time made no claim of a back injury.

¶3 The dispute here arises from Hadley's claim, resisted by UPS and rejected by the Workers' Compensation Court, that in addition to her shoulder injury Hadley sustained an injury to her low back. Hadley left her employment at UPS on January 23, 1997, filed a Form 3—Employee's first Notice of Accidental Injury, on January 29, 1997, and underwent surgery to her low back on May 13, 1997. It is undisputed that UPS knew nothing of Hadley's low back claim before it received her January 29, 1997 Form 3.

¶4 Dr. Munneke, the physician appointed by the Workers' Compensation Court to assess Hadley's medical condition expressed the following opinion in his report to the court:

Based on my examination of the patient on the 3rd of June, 1997, after reviewing the medical records and taking a history from the patient, it is my opinion the patient's current back problems are related to the repetitive type work that occurred while working for UPS.

In its order denying benefits to Hadley the Workers' Compensation Court rejected Dr. Munneke's opinion, because, "the opinions registered by DR. JOHN MUNNEKE (Court's Exhibit # 2) were not persuasive to the court and the court is not bound by the Court-appointed independent medical examiner on the issue of causation." Dr. Munneke, who testified by deposition, admitted that when he wrote his report he had not known about Hadley's non-work related back problems. Hadley had not told Dr. Munneke about the back injuries she had sustained that were unrelated to her work at UPS, nor had he seen the medical records concerning those back injuries.

¶5 A chiropractor, Dr. O'Connor, saw Hadley on June 15, 1995, about a week after she started working for UPS. The record of that visit reflects, and Hadley admitted at the hearing before the Workers' Compensation Court, that she told Dr. O'Connor she was experiencing low back difficulty as the result of having fallen eight weeks earlier. Hadley was treated on seventeen occasions by Dr. O'Connor between June 15 and November 30, 1995. Hadley was treated by a chiropractor in Arkansas in 1993 before she moved to Oklahoma, although the record does not reflect the nature or extent of the treatment provided by the Arkansas chiropractor.

¶6 Emergency room records from Jane Phillips Hospital in Bartlesville show, and Hadley admitted, that Hadley hurt her low back when she fell from a horse on October 15, 1995. According to the doctor who read the hospital's x-rays of Hadley's back, Hadley suffered from "degenerative disc disease" in her low back.

¶7 In January 1997, shortly before she left UPS, Hadley was seen by a Dr. Redding complaining of a low back injury as the result of a fall on ice at her home. Hadley told Dr. Redding that she had suffered from low back pain for over a year.

## DISCUSSION

¶8 The parties agree that under the standard of review applicable to this appeal we may not overturn any factual determina-

tion made by the Workers' Compensation Court if it is supported by any competent evidence. "All findings of fact made in the trial tribunal's decision under review are conclusive and binding unless they have been ascertained to lack support in competent evidence." *Parks v. Norman Municipal Hospital*, 1984 OK 53 ¶ 12, 684 P.2d 548. Thus, if there is any competent evidence to support the Workers' Compensation Court's conclusion in its order of September 12, 1997 disposing of the claim, we must affirm. The Workers' Compensation Court's order found,

THAT the totality of the evidence (medical and lay) admitted at trial failed to establish that the claimant sustained an accidental injury to the LOW BACK, either on a single event or cumulative trauma basis, while employed by the respondent in the claim alleged herein.

■ ¶ 9 The Workers' Compensation Court correctly concluded in its September 12, 1997 order that it was not obliged to defer to its appointed medical expert's opinion concerning the cause of Hadley's low back problems. We addressed this issue in *Collins v. Halliburton Services,* 1990 OK 118 ¶ 8, 804 P.2d 440. In Collins we held that the Court of Civil Appeals had erroneously reversed the Workers' Compensation Court for having accepted the employer's lay testimony instead of the contrary testimony of a medical expert. We held:

Where respondent produces any admissible evidence which refutes the claimant's medical testimony concerning causation, the trial court must consider all the evidence in determining causation of the injury or disease. Both parties are permitted to present lay evidence, whether direct or circumstantial, on the issue of causation.

■ ¶ 10 There was competent evidence to support the Workers' Compensation Court's conclusion that Hadley's low back problems were neither caused by nor made worse as the result of accidental injury while she was working at UPS. Despite the serious questions concerning Hadley's credibility, the evidence supports the Workers' Compensation Court's conclusion even if one accepts Hadley's testimony as entirely true. Hadley admitted two back injuries in 1995, both of which occurred before she claimed she was hurt on the job at UPS. According to the x-

rays Hadley was suffering from degenerative disc disease in October of 1995, four months before her claimed injury; further, she received frequent chiropractic treatments between June and November 1995. Hadley did not stop working until after the had sustained still another back injury when she fell on ice at her home in January 1997.

¶ 11 While Dr. Munneke's opinion that Hadley's low back problems were related to her work would have supported an award of compensation had the Workers' Compensation Court chosen to grant it, the Workers' Compensation Court was not bound by Dr. Munneke's opinion. Dr. Munneke admitted in his testimony that when he wrote his report, he had not known that Hadley had suffered several low back injuries, which were unrelated to her work at UPS. Dr. Munneke also admitted that he had not seen the medical records relating to Hadley's other back injuries before he wrote his report. Thus, the Workers' Compensation Court's decision to reject Dr. Munneke's opinion was supported by competent evidence.

¶ 12 The Workers' Compensation Court could have decided that the back problems Hadley had that were associated with her job were not caused by her work but were instead caused by her chronically bad back. In other words, the record would support a finding that Hadley was not physically injured by her work at UPS but was simply physically incapable of doing that work without discomfort. There was competent evidence to support the Workers' Compensation Court's conclusion that claimant's low back problems were neither caused by nor contributed to by her work at UPS.

CERTIORARI PREVIOUSLY GRANTED, COURT OF CIVIL APPEALS' OPINION VACATED, ORDER OF WORKERS' COMPENSATION COURT AFFIRMED

KAUGER, C.J., SUMMERS, V.C.J., HODGES, LAVENDER, SIMMS, HARGRAVE, and ALMA WILSON, JJ., concur.

OPALA, J., Concurs in result.