WILLIAM A. WAGGONER V. CHARLES A. OURSLER *et al.*

1. CHATTEL MORTGAGE —*Sufficient Description.* A description in a chattel mortgage which gives the age, sex, ownership and location of a number of cattle is *held* to be suffic'ent, under the circumstances, to enable third parties to identify those intended to be mortgaged with reasonable certainty, and to charge them with notice of the lien.

2. MORTGAGE, *Not Rendered Ineffectual.* The fact that they were held in a pasture with similar cattle belonging to others will not render the mortgage ineffectual, where, by inquiries suggested by the instrument itself, the mortgaged cattle can be distinguished from those with which they are held.

3. DESCRIPTION, *Partly Erroneous.* The fact that a part of the property intended to be mortgaged was incorrectly described will not invalidate the mortgage as to that portion which is correctly described and which may be identified with reasonable certainty.

4. SPECIAL QUESTIONS, *Court May Submit to Jury.* The district court, in the exercise of its inherent power, and without the request of either party, may submit to a jury appropriate special questions that will aid the court in reaching a correct result.

*Error from Brown District Court.*

ACTION by Charles A. Oursler and another, partners as *Oursler Bros.*, against *William A. Waggoner*, for the alleged unlawful conversion of certain cattle. Judgment for plaintiffs; defendant brings the case to this court. The facts appear in the opinion.

*Hayden & Hayden,* for plaintiff in error.

*James Falloon,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action to recover for the alleged unlawful conversion of mortgaged property. William R. Baxter, who was indebted to Oursler Bros. about the sum of $2,000, executed a chattel mortgage upon some cattle to secure the same. The description in the mortgage was "45 head of three-year-old steers, 59 head of two-year-old

steers, now being pastured on the Pottawatomie reserve by said party of the first part." The mortgage was duly filed for record, after which Baxter sold 50 head of the steers to William A. Waggoner, who at once transferred them to another, and the cattle so sold were taken beyond the limits of the state. The remainder of the cattle described in the mortgage, or so many of them as could be found, were afterward sold at the instance of the mortgagees and the proceeds applied upon the mortgage debt. This action was then brought to recover the value of the special ownership of the mortgagees in the 50 head of cattle alleged to have been converted by Waggoner. The answer of Waggoner denied that he had either actual or constructive notice of the mortgage, or that Oursler Bros. had any claim or lien upon the cattle, and further, that Baxter was the duly authorized agent of the mortgagees to dispose of the cattle, and had sold and disposed of them upon their authority, and that subsequent to the sale and delivery they had ratified the same. The trial, which was had with a jury, resulted in a verdict in favor of Oursler Bros. for $1,071.88, the jury having found that that was the value of their special interest.

Several errors are alleged, but the principal controversy arises upon the description in the mortgage. It is urged that the description is too general and indefinite to make the mortgage effectual, and that this defect is emphasized by the mingling of the Baxter cattle with about 400 others of a similar kind and description in the same pasture. The claim is that the description is not such as would enable third persons to distinguish and identify the property intended to be included in the mortgage, and that therefore it is invalid as against one who has purchased in good faith, and without actual notice of the mortgage. It appears that Baxter was pasturing a large number of cattle besides those owned by himself, and that his own, as well as about 400 others which he was pasturing for the season, were branded with the same herd brand. There is testimony to show, however, that those owned by himself were distinctly branded "B" on the left hip, and it does not

appear that those of the herd owned by others were so marked. While the description of the mortgaged property is very general, we think it furnished the means of identification, and is sufficient to charge third persons with notice.

1. Chattel mortgage—sufficient description.

The trial court correctly stated the rule, that a description which will enable third parties, aided by inquiries which the instrument itself suggests, to identify the property is sufficient, and that a

2. Mortgage, not rendered ineffectual.

slight variance in the description would not invalidate the mortgage if from the entire description third persons, aided by inquiries which the instrument itself suggests, could identify the property. The mortgage in this case gives the age, sex, ownership and location of the property intended to be included within it. By going to the pasture where the cattle were kept, it would have been found that the mortgage covered all the two- and three-year-old steers which Baxter owned, and, further, that those owned by him had a distinguishing brand not found upon the others.

There is a provision in the mortgage that the property was to remain in the possession of Baxter until default in the payment of the debt, or until there was some violation of the conditions of the instrument. It seems that Baxter did not have as many steers as were named in the mortgage, and that he attempted to make up the number by putting in a few heifers of the same age. The mortgage, however, covered all the steers of the specified age which Baxter owned, and these were the ones which were sold by him and converted by Waggoner. The fact that a part of the property was incorrectly described will not invalidate the mort-

3. Description, partly erroneous.

gage as to that which is correctly described and which may be identified with reasonable certainty. Within the rule of our own authorities, we think the description is sufficient and the mortgage is valid. (*Crisfield v. Neal*, 36 Kas. 278; *Schmidt v. Bender*, 39 id. 437; *Cattle Co. v. McLain*, 42 id. 680, and cases cited.)

The contentions that Baxter acted as the agent of the mortgagees in the sale of the cattle, and that they subsequently

ratified the sale, are disputed by the testimony, and that dispute has been finally settled in their favor by the verdict of the jury.

The court of its own motion submitted to the jury three particular questions of fact, and it is contended that this was done without statutory authority, and is therefore erroneous. Under § 286 of the civil code, provision is made for the submission of particular questions of fact upon the request of either of the parties to the action. While this provision requires the submission of special questions when requested, it does not forbid the court, in the exercise of its inherent power, from submitting on its own motion some special questions that will aid in reaching a correct result. We think the court, in its discretion, may without request submit such questions, and while there may have been some objectionable language in those submitted, we find nothing in them which we think prejudiced the substantial rights of the plaintiff in error.

4. Special questions, court may submit to jury.

There are some other objections, all of which have been examined, but in them we find no sufficient cause for setting aside the verdict. The judgment of the district court will be affirmed.

All the Justices concurring.