GEORGE S. HOWELL, *Appellee*, v. JOHN HARPER *et al.* (JOHN HARPER, *Appellant*).

No. 17,241.

#### HEADNOTE BY THE REPORTER.

TITLE—*Tax Deed—Adverse Possession—Finding of Court.* The evidence examined, and it is held that a finding by the trial court, on conflicting evidence, that the holder of a tax deed on record for sixteen years had been in adverse possession of the land continuously during that period will not be disturbed.

Appeal from Gray district court. Opinion filed February 10, 1912. Affirmed.

*Bennett R. Wheeler,* and *John F. Switzer,* for the appellant.

*Hardin Ebey,* and *B. F. Milton,* for the appellee.

*Per Curiam:* The plaintiff asserts ownership and right to the possession of the land in controversy under a tax deed of record for about sixteen years. The defendant (appellant) owns the land in fee, unless his title had been divested by the tax deed. The rights of the parties depend upon a disputed question of fact, viz., whether the appellant held the land adversely for two years or more before this suit for possession was commenced against him and an occupant who, without

claim of right, had enclosed it with other lands. This question was decided against the appellant, who testified to a conversation with this occupant, which, if taken literally as true, might be sufficient to create a tenancy, or an authority to continue the occupation, sufficient to constitute an adverse holding. The occupant gave substantially the same testimony. No one testified that such a conversation did not occur, and the appellant thereupon insists that adverse possession by him was undisputed. The court, however, after hearing these witnesses, upon consideration of the other facts and circumstances shown upon the trial, after carefully reviewing all these matters, determined this question of fact against the appellant. It does not necessarily follow that a fact is established because testimony fairly tending to prove it is uncontradicted by direct opposing testimony. It can not be said, as matter of law, that the jury (or court trying the fact) is bound to accept evidence as true, although not contradicted by direct evidence. (*Harrod v. Latham,* 77 Kan. 466, 95 Pac. 11, and cases cited in the opinion; *Cobe v. Coughlin,* 83 Kan. 522, 525, 112 Pac. 115; *Reeves v. Brown,* 80 Kan. 292, 296, 102 Pac. 840; *Tuttle v. Railway Co.,* ante, p. 28, 34, 119 Pac. 370.)

Findings of fact may be based upon proper deductions and inferences, as well as upon direct evidence.

A jury having been waived, the finding of fact by the district court settles the controversy. The judgment is affirmed.