Alva C. BITTMAN, Petitioner,

v.

The BOARDMAN CO., own risk, and the State Industrial Court, Respondents.

No. 49641.

Supreme Court of Oklahoma.

Feb. 22, 1977.

---

Douglas R. Hilbert, Dewbre, Shores & Hilbert, Oklahoma City, for petitioner.

James M. Robinson, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, for The Boardman Co.

LAVENDER, Vice Chief Justice:

Alva C. Bittman, petitioner and claimant below, (claimant) was employed by an own risk carrier, The Boardman Co., respondent here and below. April 4, 1975, while on the job as a welder, he fell after "a more or less blackout." Claimant's testimony as to incident contained conflicts. He testified of stooping over to mark off welding spaces. At that time, he was standing on a plate of steel that was supported by sawhorses or scaffolding about four feet off the floor. He had marked a large area that had taken about thirty minutes. He hopped off to begin welding from the floor and in an upright position. It was then, on hitting the floor, or after that when he was commencing to weld, that he seemingly passed out and fell.

Claimant filed his claim for compensation. Respondent answered and denied injury in the course of employment. Respondent also denied any temporary or permanent damaging result from any such injury. At hearing, respondent stipulated it was denying injury. Trial court's order, as affirmed en banc, denied compensation. It found claimant did not sustain an accidental compensable injury arising out of and in the course of his employment with the respondent. Claimant appeals.

Claimant's testimony, at trial and by deposition introduced by respondent without objection, conflicts as to the actual occurrence of the incident. On deposition, he places himself "down on the floor and started to weld" when the blackout and resulting fall occurred. At hearing and on examination by the trial judge, he places the occurrence at the time of hopping off the steel plate. On cross-examination, he blacks out while hitting the floor. The only other witness testifying as to occurrence is the night shift foreman. Another employee notified him of claimant passing out. He went to claimant and found him sitting on a stool. He did not see the incident itself. Claimant told this foreman that when he passed out he was standing on the ground and thought it was caused by being "run

down" resulting from lack of sleep for the past two or three nights. Claimant said he had been having family problems.

 State Industrial Court may refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence. *Hattabaugh v. B. H. & W. Mining Co.,* 204 Okl. 464, 230 P.2d 923 (1951). In *Hattabaugh, supra,* we quote from other decisions as follows:

"In *Carlisle v. State ex rel. Harris,* 178 Okl. 231, 62 P.2d 617, the second para-graph of the syllabus is as follows: 'A court is not obliged to accept testimony as true merely because there is no direct testimony contradicting it, where it contains inherent improbabilities or contradictions which alone, or in connection with other circumstances in evidence, justify an inference that the evidence is false.' See, also, 23 C.J., page 47 and 32 C.J.S., Evidence, § 1038; *In re Hanson's Estate,* 304 Ill.App. 157, 26 N.E.2d 175; *Howell v. Harper,* 86 Kan. 396, 121 P. 362. Where the witness' own statements create an impression of an improbability of the facts to which he testified his evidence may be disregarded. *Taggart v. Snipes,* 174 Okl. 449, 50 P.2d 640, citing *Beatty v. Beatty,* 151 Ky. 547, 152 S.W. 540."

Because this case was decided on the basis of finding that claimant did not sustain an accidental injury arising out of and in the course of his employment, which order we affirm, there is no reason to discuss the conflicting medical evidence as to the extent of the claimant's disability.

Claimant argues the accident was an idiopathic fall and controlled by *Halliburton Services v. Alexander, Okl.,* 547 P.2d 958 (1976). There the claimant was required to ascend and descend stairways to perform his duties. That was a risk factor peculiar to the task performed. The fall on the stairway, although of an idiopathic origin, arose out of the employment. Here, as we have seen, there was evidence that claimant was standing on the floor preparing to weld when—because he had not had much sleep of late—he blacked out temporarily and

fell, injuring himself. *Halliburton Services, supra; Moten v. Chandler Well Service,* Okl., 363 P.2d 153 (1961) and *McKeever Drilling Co. v. Egbert,* 170 Okl. 259, 40 P.2d 32 (1935) are not controlling in present case. There is an absence of a risk factor peculiar to performing the task.

 Whether an injury arose out of and in the course of employment is a fact determination by the State Industrial Court under the circumstances of each particular case and where there is competent evidence, although conflicting, reasonably tending to support the determination of the trial court, such decision is binding on this court and will not be disturbed on appeal. *Howland v. Douglas Aircraft Co.,* Okl., 438 P.2d 5, 8 (1968). Evidence in this record does sustain the order denying compensation and a finding "that claimant did not sustain an accidental compensable injury arising out of and in the course of his employment" with the respondent.

Order sustained.

HODGES, C. J., and DAVISON, WILLIAMS, IRWIN, BERRY, SIMMS and DOOLIN, JJ., concur.

BARNES, J., dissents.