Chester O. MITCHELL, and the State Industrial Court, Respondents,

v.

LEPAK TRUCKING COMPANY and Commercial Standard Insurance Company, Petitioners.

No. 49459.

Supreme Court of Oklahoma.

March 15, 1977.

---

J. Clark Russell, Russell & Payne, Oklahoma City, for respondents.

Murray E. Abowitz, Cooper, Stewart, Elder & Abowitz, Oklahoma City, for petitioners.

LAVENDER, Vice Chief Justice:

Respondent claimant was awarded compensation for permanent total disability resulting from heart attack, found to have resulted from stress and strain during covered employment. Petitioners seek vacation of the award and dismissal of the claim.

Petitioners assert three grounds for error. The first alleged error is that there was before the trial tribunal no reasonably competent evidence to support the finding that respondents were not prejudiced by failure of claimant to give written notice of injury within thirty days of the occurrence. The contention is not meritorious. Testimony by a principal official of petitioner shows petitioner suffered no prejudice resulting from claimant's omission to give timely notice of injury. *J. B. Klein Iron & Foundry Co. v. State Industrial Commission*, 185 Okl. 424, 93 P.2d 751 (1939); *Black, Sivalls & Bryson, Inc. v. Coley*, Okl., 367 P.2d 1017 (1963).

The second alleged error is that the trial tribunal had before it no compe-

tent evidence to support the findings of causal connection between claimant's employment until March 19, 1975, when claimant terminated the employment, and claimant's myocardial infarction sustained April 3, 1975. Claimant testified he reported his illness and related discomfort to his supervisor and to the principal officer on the job during the final two days of his employment. The testimony of claimant's medical witness was based on that history and upon examination of claimant. The testimony of claimant was sharply contradicted on this point by the supervisor and the principal officer at the work those last two days. It is not the province of this court to weigh the evidence for determination of preponderance. The State Industrial Court is the sole arbiter of credibility of witnesses and the weight accorded their testimony. The record discloses sufficient competent evidence was adduced on behalf of claimant to support the award. This contention by petitioner is tenable only where there is no competent evidence adduced to support the award. *In re Loague v. Watson & Watson,* Okl., 450 P.2d 492, 495 (1969).

█ The last contention of error by petitioner asserts deprivation of a constitutional guaranty by denial of the right to cross-examine a witness. The trial judge ordered claimant examined by an independent doctor. The doctor made written report to the court and the court furnished copies of it to the adversaries. Petitioner thereafter at a hearing objected to the admission of the report into evidence and demanded the opportunity to cross-examine the independent medical witness. The objection was sustained and the report was excluded from the record. The trial judge had read the report.

The trial tribunal could exclude the testimony for a variety of reasons and, if admitted, would have determined the credence accorded it. The trial judge declared his intent to decide the matter on the record as it then existed without the report of the independent medical examiner. Petitioners argue their objection to the independent medical examiner's report was based on lack of due process caused by inability to cross-examine that medical witness through the use of his written report. Petitioners sought to cross-examine that witness on his report. With the sustaining by the trial court of petitioners' objection, the objected to written report was excluded. The exclusion terminated the petitioners' right to cross-examine. There was nothing on which to cross-examine. Petitioners in their brief complain that the trial judge read the report and, having done so, prejudiced petitioners. The theory confounds the purpose of exclusion of evidence. Admission or rejection of evidence presupposes comprehension of the nature and extent of that evidence by the trier of the fact. *Goombi v. Trent,* Okl., 531 P.2d 1363, 1366 (1953).

Sustained.

WILLIAMS, IRWIN, BERRY and DOOLIN, JJ., concur.

HODGES, C. J., and BARNES and SIMMS, JJ., dissent.