**Johnnie Mitchell TERRELL, Petitioner,**

**v.**

**MRM OKLAHOMA PROPERTIES and the Workers' Compensation Court, Respondents.**

**No. 76357.**

Court of Appeals of Oklahoma, Division 3.

June 4, 1991.

Douglas J. Shelton, Susan L. Sexton, Oklahoma City, for petitioner.

Mark J. Peregrin, Oklahoma City, for respondents.

## MEMORANDUM OPINION

HUNTER, Chief Judge:

Petitioner Johnnie Mitchell Terrell, filed a claim in Workers' Compensation Court alleging that he fell on ice while working for Respondent, MRM Oklahoma Properties, at an apartment complex in Oklahoma City. He was awarded relief by the trial court which ordered Respondent to pay Petitioner temporary total disability and his reasonable and necessary medical expenses.

A three-judge panel of the Court reversed the trial court finding the trial court's order to be against the clear weight of the evidence. The review panel's order stated that Terrell was not a credible witness, citing *Bittman v. Boardman, Co.,* 560 P.2d 967 (Okl.1977), and that Terrell did not sustain a personal injury arising out of and in the course of his employment with Respondent.

Petitioner contends that the en banc review panel should not have reversed the trial court's order because it was not against the weight of the evidence. Petitioner correctly states that the three-judge panel is governed in its review of the findings of the trial judge by the clear-weight-of-the-evidence standard. *Parks v. Norman Municipal Hospital,* 684 P.2d 548, 549 (Okl.1984). However, this is not the standard of appellate review to be followed by the Supreme Court or Court of Appeals on review of a three-judge panel of the Workers' Compensation Court decision which alters the trial judge's findings and order. In this case, "the Supreme Court or the Court of Appeals, in reviewing the panel-altered factual determinations, must apply the any-competent-evidence test." *Id.*

This Court will canvas the facts presented to the trial court for the purpose only of determining whether the en banc review panel's decision is supported by competent evidence. *Parks.* We find that it was.

There was competent evidence at the trial to support the finding that Petitioner was not a credible witness. His statement concerning the accident was inconsistent with prior statements he had made. There was considerable doubt that an accident had even happened. The Workers' Compensation Court may refuse to give credence to any portion of the evidence which in its opinion is not worthy of credence. *Bittman,* 560 P.2d at 969.

ORDER SUSTAINED.

GARRETT, P.J., concurs.

HANSEN, J., dissents for the reasons stated by Justice ALMA WILSON in her dissent to *Parks v. Norman Municipal Hospital,* 684 P.2d 548 (Okl.1984).