1998 OK CIV APP 1

**Terri DAVIS, Petitioner,**

v.

**MEDICAL ARTS LABORATORY, Security Insurance Co. of Hartford, and the Worker's Compensation Court, Respondents.**

No. 89605.

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 12, 1997.

Albert M. Morrison, David Prescott, Oklahoma City, for Petitioner.

Walter Bower, Oklahoma City, for Respondents.

## MEMORANDUM OPINION

CARL B. JONES, Presiding Judge:

¶ 1 Claimant, Terri Davis, filed her Form 3 alleging accidental injury arising out of employment with Respondent, Medical Arts Laboratory, on April 19, 1995, which occurred as a result of the explosion in front of the Alfred P. Murrah Federal Building. The Respondent admitted Claimant suffered a physical injury, provided medical treatment and temporary total disability, and in this proceeding denied the existence of psychological overlay as a result of the accidental injury. This cause came before the trial judge for hearing. After the testimony of Claimant and a review of the medical reports filed in the cause, the trial judge ordered both parties to submit supplemental reports specifically addressing the issue of psychological overlay. The resulting order found permanent partial disability to the body as a whole from physical injuries and awarded a five percent permanent partial disability resulting from psychological overlay. Respondent appealed the trial judge's order to the three judge panel on the issue of psychological overlay, and after oral argument, the court vacated the award of five percent permanent partial disability from psychological overlay.

¶ 2 Claimant's injury occurred while she was in a standing position, looking for a file when an explosion at the Federal Building caused various items such as a chair and light fixture to hit her, throwing her to the floor. She was taken to St. Anthony's Hospital. After her discharge she was surgically treated for left leg injuries. This surgery was followed by physical therapy for about two and a half months, in addition to counseling and psychiatric treatment.

¶ 3 The Claimant brings this review proceeding alleging three propositions of error. The first two are evidentiary: that there is competent evidence to support the order of the trial court; and, there is no competent evidence to support the denial of the psychological overlay. The third proposition asserts that the three judge panel must make specific findings demonstrating how the trial judge's order is against the clear weight of the evidence.

¶ 4 Cited in support of the proposition that the panel must specify why the trial judge's order was against the clear weight of the evidence are *Parks v. Norman Municipal Hospital*, 1984 OK 53, 684 P.2d 548; *Terrell v. MRM Okla. Properties*, 1991 OK CIV APP 51, 812 P.2d 418; and, *Bittman v. Boardman*, 1977 OK 32, 560 P.2d 967. *Parks* is used to support the now familiar fact that the scope of appellate review is limited to canvassing the evidence to see if there is any competent evidence to support the order of the lower court, or, if it is contrary to the law, decidedly a correct statement of the law. After a recitation of the definition of "weight of the evidence" from Black's Law Dictionary, 5th Ed.1979, Claimant cites *Terrell*, as it cites *Bittman*, for the proposition that this Court will canvass the facts presented to determine if the three judge review panel's decision is supported by [any] competent evidence. These citations do not demonstrate that the three judge panel must justify its finding by demonstrating what error it has found. *Parks, supra,* as reviewed in *Huffman v. General Motors Corp.*, 1991 OK CIV APP 17, 811 P.2d 106, 108, notes that the trial judge's decision, once altered by the three judge panel's reexamination, loses its viability and stands replaced by the decision which altered it. The panel's decision then becomes the order in the case and the only one reviewable by this Court. So long as the three judge panel notes the trial judge's order is against the clear weight of the evidence we are powerless to determine whether the three judge panel appropriately followed its statutorily mandated standard of review. This being the case, it would be pointless, from the standpoint of

**54**

this reviewing court, for the three judge panel to be required to state what particular fact they found fault with which prompted them to find the trial judge's order not supported by the clear weight of the evidence. Such a requirement would not shed any light on our search for any competent evidence to support the decision of the three judge panel. Claimant's assertion that the panel's decision is faulty because it does not specifically state how the trial judge's decision is against the clear weight of the evidence is therefore rejected.

■ ¶ 5 First, Claimant proposes that there is competent evidence to support the decision of the trial judge. In light of the above discussion, Claimant's first proposition of error is determined not to be of importance to any proper inquiry in this review proceeding. At this stage of the review process, (a review of the order of the three judge panel in the appellate court), whether or not the trial judge's decision was supported by competent evidence is beyond the scope of a properly circumscribed review proceeding.

■ ¶ 6 Second, Claimant proposes there is no competent evidence to support the denial of an award by the three judge panel for psychological overlay. What the three judge panel actually stated was that "the permanent partial disability sustained by the claimant due to psychological overlay is due to circumstances not arising out of the claimant's physical injury of APRIL 19, 1995." A canvass of the record reveals Respondent's Exhibit Four, which reviews a medical report by D.E. Johnsen, Ph.D. After a review of that report, which evaluates two separate Minnesota Multiphasic Personality Inventories, one given by Dr. Young and another by Dr. Harper, five days before, Dr. Young states "... my opinion remains the same as previously stated in the initial report of January 11, 1996, that her psychological condition

was a pre-existing condition and not due to the bombing." [which caused the physical injury].

■ ¶ 7 The claimant makes reference to a purported error in consideration of Respondent's fourth exhibit which is an additional medical report requested by the trial court during the hearing. The objection is that Claimant did not have sufficient time to object to the report before the trial court ruled on the cause.[1] The trial judge gave the parties five days to object to the reports. No objection was made at the time the trial judge set the five day period. It appears from the record that five days transpired before a ruling was made. Any objection to this procedure has been waived because it was not objected to at trial (nor was it presented as error to the three judge panel). Trial courts are not traditionally reversed for error unless error was called to their attention at a time when they themselves could reasonably be expected to correct it. *Gaines v. Sun Refinery and Marketing*, 1993 OK 33, 790 P.2d 1073. The trial court's discretion governs admissibility of belated medical evidence which does not comport with the requirement that the parties will be fully prepared for hearing, so that each case will be fully and completely tried on the date set. 85 O.S.1991 Ch 4, App. Rule 18A, *Ed Wright Const. Co. v. McKey*, 1979 OK 25, 591 P.2d 302.

■ ¶ 8 As Claimant notes, there is no question but that the court may accept or reject any part or all of a medical report which has been admitted into evidence. *Refrigerated Transport Inc. v. Creek*, 1979 OK 11, 590 P.2d 197. Additionally, the trial court is the sole arbitrator of the credibility of the witnesses. *Treat v. McDonald's*, 1993 OK CIV APP 89, 854 P.2d 393. This single report is thus sufficient evidence to support the order of the three judge panel.

---

1. This error is not listed in the Petition in Error and is not listed as a separate point of error in the briefs, but is discussed here. Although failure to list a proposition in error in the Petition in Error is no longer fatal to the preservation of that error on appeal, see 12 O.S.1997 Supp Ch 15, App, Okla.Sup.Ct.R. 1.26(b). In the opinion of the author any such alleged error should be listed in the briefs as a separate proposition in error for it to be properly preserved for review here. Otherwise, the appellate court is bound to search each sentence in the briefs for potential statements which can be taken as a separate proposition of error, a task which is incapable of execution in an even manner from case to case.

¶ 9 There is competent evidence to support the denial of a psychological overlay to the Claimant. There is medical evidence in the record which attributes her condition to pre-existing circumstances or conditions. The three judge panel's order is thus supported by competent evidence and the order must be sustained.

¶ 10 SUSTAINED.

ADAMS, C.J., and GARRETT, J., concur.

