1999 OK CIV APP 27

Suzanna J. BAILES, Petitioner,

v.

HOME OF HOPE, American Home Assurance and The Workers' Compensation Court, Respondents.

No. 91,833.

Court of Civil Appeals of Oklahoma,
Division No. 2.

Feb. 9, 1999.

John F. Bates, Tulsa, Oklahoma Bill M. Shaw, Claremore, Oklahoma, For Petitioner.

Kevin D. Berry, Andrew D. Downing, Rhodes, Hieronymus, Jones, Tucker & Gable, Tulsa, Oklahoma, For Respondents.

## OPINION

### STUBBLEFIELD, P.J.

¶1 Claimant seeks review of an order of The Workers' Compensation Court finding that she had not sustained a work-related injury and denying compensation. After a review of the record on appeal and applicable law, we sustain.

¶2 Claimant Suzanna J. Bailes filed her Form 3 on April 3, 1998, alleging that she had injured her back in January 1998, while lifting a bedfast patient as part of her duties for Employer Home of Hope. Employer denied that Claimant had sustained a work-related injury. The issue of compensability was tried to the court, resulting in an order denying compensation based on a finding that Claimant had suffered from chronic back problems prior to the date of the alleged accidental injury. The trial court cited *Bittman v. Boardman Co.*, 1977 OK 32, 560 P.2d 967, and *American Management Systems, Inc. v. Burns*, 1995 OK 58, 903 P.2d 288, and stated that Claimant "was not a credible witness" and had "failed to meet his [*sic*] burden of persuasion." Claimant appeals from that order.

¶3 Generally, the issue of whether an employee's injury arises out of or occurs in the course of employment presents an issue of fact to be determined by the trial court, *Lanman v. Oklahoma County Sheriff's Office*, 1998 OK 37, 958 P.2d 795, and the any-competent-evidence standard of review applies. *City of Edmond v. Monday*, 1995 OK 132, 910 P.2d 980. Thus, it is only the absence of any competent evidence that renders the trial court's judgment erroneous as a matter of law and subject to appellate vacation. All findings of fact made in the trial tribunal's decision under review are conclusive and binding unless they have been ascertained to lack support in competent evidence. *Parks v. Norman Mun. Hosp.*, 1984 OK 53, ¶12, 684 P.2d 548, 552.

¶4 Claimant maintains that she had met her burden of persuasion by her un-equivocal, uncontroverted testimony that she had injured her back while lifting one of Employer's patients, combined with the medical testimony of her expert, who found that her symptoms were connected to her work duties. She claims the lower court was bound to accept this evidence and that the burden then shifted to Employer to "counter each element" of her case.

¶5 On the other hand, Employer cites *Collins v. Halliburton Services*, 1990 OK 118, 804 P.2d 440, for the rule that no evidence is required to refute causation. Citing *Bittman v. Boardman Co.*, 1977 OK 32, 560 P.2d 967, Employer points out that the trial court may simply refuse to give credence to any portion of Claimant's evidence. Indeed, this is established law and does negate one of Claimant's propositions of error—that the order denying compensation is not supported by competent evidence. Competent evidence is not necessary to deny a compensation claim, because Claimant's proof may simply fail.

¶6 In regard to the issue of credibility, the issue does not totally escape appellate review. The *Bittman* court stated: "Where the witness' own statements create an impression of an improbability of the facts to which he testified his evidence may be disregarded." *Id.* at ¶4, 560 P.2d at 969, *quoting Hattabaugh v. B.H. & W. Mining Co.*, 204 Okla. 464, 466, 230 P.2d 923, 926 (1951). The court in *Chester v. Oklahoma Natural Gas Co.*, 1980 OK CIV APP 5, ¶4, 619 P.2d 1266, 1267 (citations omitted), further refined the instance where a court might disregard a claimant's uncontroverted testimony, stating:

Whether or not the order is contrary to the law depends upon whether the trial judge performed within the bounds of his fact finding authorization.... It is only where such testimony is unimpeached by other direct or circumstantial evidence, is consistent within itself and is not inherently improbable that it is impermissible for the fact finder to ignore it.

Herein, we conclude that there were inconsistencies and/or impeachment that would allow a credibility determination.

¶7 By both deposition[1] and trial testimony, Claimant acknowledged that she previ-

---

1. The trial court admitted Claimant's deposition    into evidence.

ously had experienced what she called "muscle strains" in the performance of her work for Employer but had not considered them "injuries" because conservative treatment had resolved the problems quickly. She also testified she could not recite the specific date on which she sustained the injury for which she filed this claim, but that there had been a specific incident where she had immediate pain upon turning a patient, which involved lifting the shoulders and hips of the individual.

¶ 8 In her deposition, she testified that she did not report the injury at the time that it occurred because she thought it was merely another self-limiting episode that conservative treatment would cure. When asked why she had not turned in her medical charges to workers' compensation before she had received the results of the MRI, she responded: "Because I thought it would get better. I had no intention—I've never filed Workmen's Comp. I had no intentions of doing it." Claimant acknowledged that she did not "fill out an incident report" and, when asked why she had "waited a couple of months or so to tell [her supervisor] about the accident," she responded: "I was still working. I never quit working." She did testify that she had told her "assistant house manager" at a house meeting on January 20, 1998,—memorable because it was a pay day—that she had hurt her back and that the assistant house manager had to help her up from the couch and had scolded her because she had not been to a doctor.

¶ 9 At trial, Claimant's testimony tracked that given during her deposition. However, when asked about a statement that she had not had back problems before January 1998, she responded with the following characterization of her previous back conditions: "I've never had a problem.... I have stressed my back twice that I know of lifting on the girls but it was never a problem. It was kind of like a cold, you get a cold, you wear it out, it goes away."

¶ 10 Employer called only two witnesses. Employer's Human Resource Manager testified that she had no information that Claimant was not injured while working for Employer in January 1998. The other witness was an employee, who worked with Claimant until December 1997, but was not working

with her at or after the time of the injury. She testified about Claimant's previous back problems in June 1997 and described incidents where Claimant asked for help with a "client" and grimaced with apparent pain in carrying a personal sewing machine. This employee described Claimant placing pillows behind her when she sat and placing her hand on the small of her back as if in pain at that area.

¶ 11 There is nothing contradictory in this last witness' testimony from that of Claimant about other periods of "stress and/or strains." However, Employer's counsel asked for this witness's *opinion* whether Claimant "hurt her back while lifting a patient in January of 1998." The witness said she did not believe that Claimant suffered such an injury because "nothing was ever said to me to that knowledge." However, the weight of that statement was rendered near-meaningless because of the witness' testimony that she had changed to day shifts and had not worked with Claimant after December 1997—a time well before the alleged January 1998, injury occurred. Also, this witness evidenced dislike of Claimant and admitted that she had filed three complaints against Claimant with the "house manager" because Claimant "was telling me or trying to tell me how to take care of the clients—in an un-nicely manner."

¶ 12 The only directly applicable items of evidence on causation, other than Claimant's testimony, are medical reports, which are generally consistent with Claimant's testimony. The medical records of Claimant's primary care physician, admitted for historical purposes only, add authenticity to Claimant's stated perceptions of her previous back pain, but do seem to indicate that Plaintiff made no mention of a lifting incident when examined on January 28, 1998.

¶ 13 Employer's medical expert reported that Claimant had stated that she had injured her back at work. However, this expert offered no conclusion, one way or the other, as to whether the lifting incident caused the disc injury.

¶ 14 Our review leads us to conclude that there is only the slightest evidence casting any doubt on the testimony of Claimant.

However, there is *some* evidence that might constitute impeachment and might have caused the trial court to conclude that Claimant had a prior injury, of unknown origin. First, Claimant clearly had back problems prior to January 1998. Although she treated the condition as a stress or strain, the evidence does not discount that the previous episodes indicated some true injury, or developing injury, to Claimant's back. Second, Claimant did not immediately report her injurious incident to her supervisor. This was explained fairly adequately by her treatment of the condition as merely another stress or strain, and by the knowledge of the injury by the house manager. However, it is noteworthy that, as stated, the medical records indicate that when Claimant saw her physician on January 28, 1998, about back pain, she inquired if it could be attributed to urinary tract infection and apparently made no mention of the lifting incident to the doctor.

¶ 15 The court in *Chester*, 1980 OK CIV APP 5 at ¶ 4, 619 P.2d at 1267, seems to indicate that a reviewing appellate court must engage in a weighing of the evidence when reviewing a finding of lack of credibility—"an analysis of both the quantum and quality of the proof." However, we disagree with that conclusion. As we have noted previously, the trial court's credibility determination is not totally free from appellate review—there must be some impeachment of, inconsistency within, or inherent improbability of testimony before the trial court may disregard uncontroverted evidence. However, we conclude that our review must be for "any competent evidence" that raises the issue of credibility. In this instance, such evidence, though very meager, does exist, and thus, we are bound to affirm the denial of compensation based on credibility determination.

¶ 16 Finally, Claimant maintains that trial to the Workers' Compensation Court, without a jury, is violative of due process. She states that the trial judge was previously a member of the same law firm as Employer's counsel, and that the Workers' Compensation system provides no mechanism, as would exist in a jury situation, to determine possible bias. However, the seventh amendment to the United States Constitution was not intended to guarantee a trial by jury to a litigant in a civil action in the courts of the several states. *Adams v. Iten Biscuit Co.*, 63 Okla. 52, 162 P. 938 (1917)(syllabus). Further, it has long been established that the Workers' Compensation Act is not unconstitutional and does not deprive any person of property without due process or equal protection in violation of Okla. Const. art. 2, §§ 7, 19, which was not intended to guarantee a trial by jury. *Fox v. Dunning*, 124 Okla. 228, 255 P. 582 (1927). The *Adams* court established that Okla. Const. art. 2, § 19, which provides that right to trial by jury shall remain inviolate, does not prevent the Legislature from abrogating the common-law right of action for injury to employee and substituting the Workers' Compensation Court system of compensation determination without jury trial. Thus, the Workers' Compensation Act is a legitimate exercise of the police power of the state. *Id.; see also Ohio Drilling Co. v. State Industrial Comm'n*, 86 Okla. 139, 207 P. 314 (1922).

¶ 17 Finding support for the lower court's holding regarding credibility, and no other legal error availing of reversal, the judgment of the Workers' Compensation Court is SUSTAINED.

¶ 18 ORDER SUSTAINED.

BOUDREAU, V.C.J., and REIF, J., concur.

