2001 OK CIV APP 35

Johnny LEFORCE, Petitioner,

v.

LEGION ENTERPRISES, INC., American Interstate Insurance Company, and The Workers' Compensation Court, Respondents.

No. 95,308.

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 23, 2001.

Fred L. Boettcher, Walt Brune, Boettcher Law Offices, Inc., Ponca City, Oklahoma, for Petitioner

John Oldfield, Oldfield & Coker, Oklahoma City, Oklahoma, for Respondents.

HANSEN, C.J.:

¶ 1 Claimant, Johnny Leforce, filed this claim for workers' compensation benefits as a result of an injury he sustained when several barrels he was unloading out of a truck fell out of the truck and struck him in the head. In his Form 3, he claimed injury to his head, back, neck, and both shoulders and gave the date of the accident as December 23, 1999. He sought temporary total disability benefits and medical treatment. Employer/Respondent, filed its Form 10 and admitted Claimant sustained accidental injury arising out of his employment, but claimed no disability resulted.

¶ 2 After the accident, Claimant continued to work until Employer terminated him on February 20, 2000 for a positive drug screen. At trial, Employer admitted Claimant sustained a laceration to his scalp which was treated at the emergency room. It denied any injury to his neck, back, and shoulders. It denied temporary total disability or any need for further medical treatment. Claimant objected to Employer's denial of injury to the neck, back and shoulders, arguing it had admitted injury in its Form 10 and had never denied injury to the specific body parts.

¶ 3 The trial court acknowledged the Form 10 did not provide a space for a respondent to list any specific body parts for which it denied injury. Because of this, the trial court inquired of counsel for Claimant if he wished to be given time to respond to the defenses presented by Employer in that he was alleging surprise. Counsel declined, stating he was ready to proceed.

¶ 4 Claimant testified about the accident. He stated he did not start noticing pain in his neck and shoulders until about 20 to 30 days after the accident. On February 4, 2000, he saw Dr. P, who recommended MRI's of the neck and back, physical therapy and chiropractic treatments. Dr. P referred him to Dr. M who prescribed Relafan for him. He had tried, without success, to find work somewhere else.

¶ 5 Claimant offered, without objection, a report of Dr. K who thought Claimant had suffered and sustained an injury to the head, both shoulders, neck and back resulting from the accident. He believed Claimant was temporarily and totally disabled. He recommended further therapy. Also Dr. M, in a report, opined from the x-rays of both shoulders that Claimant was temporarily totally impaired for his normal job activities. The report of Dr. P also reflected that he thought Claimant to be temporarily totally disabled and in need of further treatment.

¶ 6 Employer offered the emergency department treatment records which reflected only the head injury. It also offered a report of Dr. Y. In Dr. Y's opinion, Claimant sustained no permanent partial impairment and was able to return to employment. He stated Claimant's period of temporary total disability had long since ended. He did not believe he was in need of medical care or maintenance

¶ 7 The trial court found Claimant did not sustain an injury to the back, neck, or shoulders and was not entitled to benefits for any temporary total disability or additional medical treatment. The three-judge panel affirmed. Claimant seeks review by this Court.

¶ 8 In his first proposition of error, Claimant alleges the trial court erred in finding Employer had not stipulated to his injuries to his neck, back and shoulders. He argues that when an employer files a Form 10 admitting injury in response to a claimant's Form 3 which gives notice to the employer that the injury is to certain body parts, it also admits injury to all those body parts for which it was placed on notice in the Form 3.

¶ 9 Rule 17B of the Workers' Compensation Court states:

A general denial or failure to file a Form 10 shall be taken as admitting all allegations in the claim form (Form 3 or Form 3–b) except jurisdictional issues and the *nature and extent* of claimant's disability. Denials and affirmative defenses shall be pleaded on the Form 10 or form 10M or shall be waived. (Emphasis supplied)

¶ 10 Claimant argues Employer should have listed the body parts it was denying on its Form 10 under this rule. Employer claims its general denial did not waive the nature and extent of Claimant's disability under this rule. The specific body parts claimed to be injured is implicit in the "nature and extent" provision above. In addition, the trial court, while admitting there was no place on the form to make this specific designation of contested body parts, gave Claimant the option to continue the hearing to prepare further, and he declined. We find no legal error in the proceeding.

¶ 11 Claimant further alleges there was no competent evidence presented to deny injury to the head, neck and shoulders. The term competency for purpose of the any competent evidence standard of review refers to the legal sufficiency of admitted evidence to support the decision. The trial court heard Claimant's testimony. It is not the Court of Civil Appeals' duty to weigh the adduced evidence, rather, its task is simply to canvass the facts to determine if the tribunal's decision is supported by any competent evidence. See *Lanman v. Oklahoma County Sheriff's Office*, 1998 OK 37, 958 P.2d 795.

¶ 12 The trial court may also refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence. *Bittman v. Boardman Co.*, 1977 OK 32, 560 P.2d 967.

¶ 13 The emergency room records do not reflect any injury to the neck and shoulders or back. Dr. Y examined Claimant and took x-rays and did not find these parts were affected in any significant degree. The trial court heard Claimant's testimony. We hold the order of the three-judge panel is supported by competent evidence.

¶ 14 SUSTAINED.

¶ 15 GARRETT, J., and BUETTNER, P.J., concur.