2001 OK CIV APP 38

**Jerry KING, Petitioner,**

v.

**PILLSBURY BAKERY COMPANY, Lumberman's Mutual Casualty and the Workers' Compensation Court, Respondents.**

No. 95,298.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 2, 2001.

Jack G. Zurawik, John F. Bates, Tulsa, OK, for Petitioner.

Mitchell C. Maurer, Oklahoma City, OK, for Respondent.

*OPINION*

GARRETT, Judge:

¶ 1 Petitioner, Jerry King (Claimant), filed his Form 3 in the Workers' Compensation Court, alleging he injured both knees in a cumulative injury, arising out of and in the course of his employment with Respondent, Pillsbury Bakery Company (Employer). He alleged the date of last exposure was March 1, 2000.

¶ 2 The trial court entered an order on September 7, 2000, denying the claim. The order provided:

THAT claimant failed to meet his burden of proof and failed to meet his burden of persuasion. *American Management Systems, Inc. v. Burns,* 903 P.2d 288 (Okla. 1995).

THAT the claimant testified that he left work on the last day with the respondent because of pain in his shoulders.[1] The claimant admitted that there was no mention of any problems with his knees at any time before he left (although he testified he had symptoms prior to this date). Further, claimant testified that he received no treatment on his knees.

THAT claimant did not sustain accidental personal injury arising out of and in the course of claimant's employment with the above named respondent, as alleged in the claim for compensation filed herein.

¶ 3 Claimant testified he did not tell anyone at his job that he hurt his knees while he was still employed. He testified: his job required him to stand on a concrete floor all day; his job as a "skidder" required him to stack boxes of baked goods onto pallets; he was required to lift, bend, kneel and squat constantly in the course of a normal day; and, he heard popping noises in his knees while doing his job.

¶ 4 Employer contended it was prejudiced by Claimant's failure to notify it of the alleged injury, as required by 85 O.S. Supp. 1997 § 24.2(A).[2] Employer did not learn of this alleged injury to his knees until Claimant filed his Form 3 after his employment ended.

¶ 5 For reversal, Claimant contends:

1. The court's order is contrary to the undisputed evidence.

2. The court's finding that Claimant did not sustain his burden of proof lacks support in the record.

---

1. Claimant filed a separate claim for the injury to his shoulders.

2. § 24.2. Notice of injury to employer

A. Unless an employee or former employee gives oral or written notice to the employer or former employer within thirty (30) days of the date an injury occurs or the employee receives medical attention from a licensed physician during the thirty-day period from the date an injury occurred, the rebuttable presumption shall be that the injury was not work related. Such presumption must be overcome by a preponderance of the evidence. For an occupational disease or cumulative trauma, notice shall be given to the employer within the statutory period for occupational disease set out in Section 43 of this title; provided, there shall be a rebuttable presumption that injury from occupational disease or injury caused by cumulative trauma does not arise out of and in the course of employment unless oral or written notice is given by the employee to the employer within ninety (90) days of the employee's separation from employment. Such presumption must be overcome by a preponderance of the evidence.

¶ 6 First, Claimant asserts there was no evidence disputing his testimony that he injured his knees while working for Employer. He contends that a preponderance of the evidence presented overcomes the presumption, which arises under § 24.2(A), that his injury was not work related. Claimant's medical expert, Dr. T., gave his opinion in deposition testimony that Claimant "had patellofemoral syndrome, worse on the left compared to the right, resulting from cumulative work-related trauma." Dr. T. recommended that Claimant be referred to an orthopedic surgeon for further diagnostic studies and therapeutic recommendations. It was also Dr. T.'s opinion that Claimant would benefit from anti-inflammatory medications and physical rehabilitation for his knees.

¶ 7 Dr. G., Employer's medical expert, examined Claimant, but gave no opinion about Claimant's knees. Claimant argues that he saw Dr. G. for the injury to *his shoulders,* the subject of a separately filed workers' compensation claim.

¶ 8 Claimant contends there was no evidence that he *did not* sustain a work related injury to his knees. He cites *Bailes v. Home of Hope,* 1999 OK CIV APP 27, 977 P.2d 1145, in support of his contention that his evidence supports granting an award. As in this case, the trial court in *Bailes* denied compensation. The court therein found the claimant's back problems arose prior to the alleged accidental injury, that she was not a credible witness and that she failed to meet her burden of persuasion. She argued she had met her burden of persuasion because of her uncontroverted testimony that she injured her back when she lifted a patient, and because of her medical expert's testimony that her symptoms were work-related. She claimed the trial court was bound to accept that evidence, and that the burden shifted to Employer to counter each element of her case. The appellate court discussed the trial court's denial of compensation and concluded there were inconsistencies and/or impeachment affecting the claimant's credibility.

¶ 9 In the instant case, the trial court could have found impeachment in Claimant's own testimony because he mentioned only the problems with his shoulders when he left work, coupled with the fact he never mentioned the problems with his knees. Additionally, inconsistency could have been seen in the fact Claimant did not tell Dr. G., to whom he went for injury to his shoulders, about his knee injury, but did tell Dr. T., to whom he went for injury to his knees, about *both injuries.* Dr. G.'s report also stated, under the section "Complaints of the Claimant" that "No other complaints were offered." Dr. T. testified that a person of Claimant's height and weight would be considered medically obese, and this condition could contribute to degenerative changes in the cartilage and knee joints which might have developed whether he was working or not.

¶ 10 An employer is not required to prove a claimant's injuries *did not* arise out of and in the course of his employment. See *Collins v. Halliburton Services,* 1990 OK 118, 804 P.2d 440. Moreover, the court is not required to accept as credible every portion of Claimant's evidence, even if it is claimed to have been uncontroverted. *Bittman v. Boardman Co.,* 1977 OK 32, 560 P.2d 967. If Claimant's own testimony creates an impression of improbability of the facts to which he testified, the court may disregard the evidence. *Id.,* at 969. In the instant case, the trial court specifically found that claimant failed to meet his burden of persuasion.

¶ 11 Whether a claimant's injury arises out of and in the course of his employment is a question of fact to be decided by the Workers' Compensation Court. *American Management Systems, Inc. v. Burns,* 1995 OK 58, 903 P.2d 288. Findings of fact made by the trial court are binding and conclusive in review proceedings before this Court, unless they lack support in competent evidence. *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548. The competent evidence supported the trial court's findings and order.

¶ 12 SUSTAINED.

¶ 13 HANSEN, C.J., and BUETTNER, P.J., concur.