2006 OK CIV APP 139

**Phuoc PHAM, Petitioner,**

v.

**WUU JAU COMPANY INC., Ace Property & Casualty Insurance Co., and The Workers' Compensation Court, Respondents.**

No. 103,315.

Court of Civil Appeals of Oklahoma, Division No. 4.

Sept. 26, 2006.

---

**VACATED AND REMANDED FOR FURTHER PROCEEDINGS.**

Matthew J. Graves, Oldfield, Coker & Graves, Oklahoma City, OK, for Petitioner.

Robert C. Simpson, Bullard & Associates, PC, Oklahoma City, OK, for Respondents.

Opinion by DOUG GABBARD II, Presiding Judge.

¶1 Petitioner Phuoc Pham (Claimant) appeals the workers' compensation court en banc's order denying his claim for compensation. After review of the facts and applicable law, we vacate the order and remand for further proceedings.

## BACKGROUND

¶2 Claimant was injured when he fell off a forklift while working for Wuu Jau Company, Inc. (Employer). Employer did not contest the fact of the incident or the injury, but asserted Claimant had intentionally injured himself.

¶3 Pursuant to 85 O.S.2001 § 11(A)(1), "[a]n injury occasioned by the willful intention of the injured employee to bring about injury to himself or herself, or another," is excluded from compensation. At trial, Claimant testified he was taking the trash out for Employer. He stood on a forklift with the trash can while another employee drove the forklift outside and stopped. Claimant testified that as he stepped down to pour the trash into a container, the other employee raised the forklift, causing him to fall about three feet, striking his head.

¶4 Employer called one of its employees as its single witness. She stated that Claimant had asked her whether Employer had workers' compensation. She also testified that one morning, the witness found Claimant inside Employer's warehouse while it was

still dark, and Claimant told her "if he fell off a stool he was going to sue."

¶ 5 When asked if he made these statements about intentionally injuring himself, Claimant responded: "I might have been just kidding around, but who—you know, who in their right mind would like seriously injure themselves or injure themselves at all." He denied intentionally injuring himself.

¶ 6 The workers' compensation court trial judge denied Claimant's claim, finding:

THAT while the Court does not believe claimant intended to injure himself as badly as he did, the Court does find that claimant's injury was not accidental.

¶ 7 Claimant appealed to a three-judge panel, which unanimously affirmed. Claimant seeks our review.

## STANDARD OF REVIEW

¶ 8 A decision of the workers' compensation court will be affirmed on appeal if it is supported by any competent evidence. *Parks v. Norman Mun. Hosp.*, 1984 OK 53, 684 P.2d 548.

## ANALYSIS

¶ 9 While the court made no specific findings beyond the statement quoted above, it is clear the court determined that Claimant injured himself intentionally. Claimant asserts the court's decision must be vacated because there is no evidence to support this finding.

¶ 10 In a workers' compensation case, a claimant has the burden of proof to establish all the essential elements of his claim, and, if he does so, the employer then has the burden to establish facts which would bar the claimant's right to recovery. *Armco, Inc. v. Holcomb*, 1985 OK 5, ¶ 4, 694 P.2d 937, 939. In the instant case, Claimant initially met his burden by testifying about the incident and by submitting medical reports. It then became Employer's burden to show the application of the affirmative defense of intentional injury, which would bar recovery. *See Leach v. Hamilton Trucking Co.*, 2002 OK CIV APP 11, ¶ 5, 39 P.3d 824, 826. Here, Employer presented testimony that Claimant

had inquired about whether Employer had workers' compensation coverage, and that he stated that if he fell off a stool, he would seek benefits.

¶ 11 These statements, standing alone, do not prove the affirmative defense of intentional injury. At most, they merely raise a *suspicion* of intentional injury. While such statements might "insinuate" a plan to intentionally injure oneself, they can just as innocently be explained as a justifiable concern about insurance coverage in the face of a potentially risky endeavor. Allowing the trial court to conclude on the basis of these statements alone that Claimant intentionally injured himself would mean that the statutory right to benefits could be jeopardized merely if an employee inquired about the existence of such benefits, or stated that benefits might be claimed if injury occurred. This is contrary to the very purpose of our Workers' Compensation Act, which is to compensate injured workers. *Strong v. Laubach*, 2004 OK 21, ¶ 10, 89 P.3d 1066, 1070. A worker should not be penalized for inquiring into whether an employer has complied with the workers' compensation laws.

¶ 12 The cases cited by Employer are clearly distinguishable. In *Washington v. Anderson Wholesale*, 2000 OK CIV APP 15, 996 P.2d 497, the claimant injured her hands when she opened a glass door that shattered. While she argued that her hands accidentally slipped on the door's push-bar, three eyewitnesses testified that she struck the door in a fit of rage, causing the glass to shatter. The workers' compensation court denied compensation. Another division of the Court of Civil Appeals found competent evidence to sustain the decision. Unlike that case, however, no eyewitness or other testimony was presented in the present case that the injury was intentional.

¶ 13 In *Thomas v. Sundowner*, 2000 OK CIV APP 111, 13 P.3d 92, the claimant was injured in a fight with a co-worker. Direct evidence was produced, in the form of eyewitness testimony, that the claimant had provoked the fight and voluntarily entered into it. The claim was denied and the appellate court found the denial was supported by the

evidence. Again, no similar evidence was presented in the case at bar.

¶ 14 We recognize the difficulty in proving an affirmative defense which is primarily based on a worker's state of mind. Claimant's statements certainly raised the suspicion or possibility that he intentionally injured himself. However, a mere possibility is not sufficient to support a workers' compensation court's decision. It does not establish or allow the court to infer that Claimant intentionally injured himself. A court may not use speculation or guesswork in arriving at its decision.

¶ 15 It is true that a workers' compensation court is "the sole arbiter of credibility of witnesses and the weight accorded their testimony." *Mitchell v. LePak Trucking Co.*, 1977 OK 44, ¶ 3, 561 P.2d 967, 969. Employer argues the court could deny the claim on the grounds that Claimant was not a credible witness due to making contradictory statements, that Claimant's proof simply failed. *Bailes v. Home of Hope*, 1999 OK CIV APP 27, ¶ 5, 977 P.2d 1145, 1146. In this case, however, that argument is not persuasive. Not only did the workers' compensation court made *no* finding regarding credibility, but more importantly, Claimant's testimony was not *inherently* improbable or contradictory.

¶ 16 The scope of a court's discretion in weighing credibility is stated in *Bittman v. Boardman Co.*, 1977 OK 32, 560 P.2d 967:

> A court is not obliged to accept testimony as true merely because there is no direct testimony contradicting it, where it contains inherent improbabilities or contradictions which alone, or in connection with other circumstances in evidence, justify an inference that the evidence is false.... Where the witness' own statements create an impression of an improbability of the facts to which he testified his evidence may be disregarded....

*Id.* at ¶ 4, 560 P.2d at 969 (quoting *Hattabaugh v. B.H. & W. Mining Co.*, 1951 OK 124, 230 P.2d 923, and *Carlisle v. State ex rel. Harris*, 1936 OK 731, 62 P.2d 617). Absent inherent improbabilities or contradictions, or other conflicting evidence, courts are not permitted to totally discount a witness' testimony.

¶ 17 Here, there was nothing inherently improbable or contradictory about Claimant's testimony because his statements regarding the existence of compensation insurance and his intention to seek it if injured are susceptible to innocent explanations. Unlike *Bailes*, 1999 OK CIV APP 27 at ¶ 5, 977 P.2d at 1146, where there was "the slightest" evidence to impeach the claimant's testimony because the claimant had previous physical problems and failed to immediately report the alleged injurious accident, no clear impeachment evidence was presented in this case. At most, Claimant testified that, *if* he made statements about intentionally injuring himself, he had just been kidding around. He did not admit to making such statements, and he specifically testified that he did not intentionally injure himself.

¶ 18 "[A] fact finder is not required to accept positive testimony as true merely because it is uncontradicted." *Chester v. Okla. Natural Gas*, 1980 OK CIV APP 5, ¶ 4, 619 P.2d 1266, 1267. However, it is impermissible to ignore testimony that is consistent with itself, is not inherently improbable, and is unimpeached by other direct or circumstantial evidence. *Id.* Claimant's evidence in this case meets the latter criteria. Accordingly, the workers' compensation court's decision must be vacated.

## CONCLUSION

¶ 19 Although we have canvassed the record for competent evidence to support the workers' compensation panel's decision, we conclude that no such evidence exists. Therefore, we vacate the panel's decision and remand for further proceedings. Employer's request for attorneys' fees is denied.

VACATED AND REMANDED FOR FURTHER PROCEEDINGS.

RAPP, V.C.J., and REIF, J., concur.